**UNITED STATES, Appellee,**

v.

**Private First Class Darryl A. BRICE,
U.S. Marine Corps, Appellant.**

No. 46674.

NMCM No. 82–3819.

U.S. Court of Military Appeals.

Jan. 14, 1985.

For Appellant: *Lieutenant Daniel Lippman, JAGC, USNR* (argued); *Lieutenant Commander William A. DeCicco, JAGC, USN* (on brief); *Lieutenant Commander Georgia L. Winstead, JAGC, USNR.*

For Appellee: *Captain David B. Stratton, USMC* (argued); *Commander W. J. Hughes, JAGC, USN,* and *Lieutenant Commander D.L. Kelly, JAGC, USN* (on brief).

### Opinion of the Court

COX, Judge:

Tried by general court-martial, the accused was convicted, despite his pleas, of possession, transfer and sale of Lysergic Acid Diethylamide (LSD) on three occasions, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to a dishonorable discharge, confinement at hard labor for 3 years, forfeiture of all pay and allowances, and reduction to pay grade E–1. The convening authority approved the findings and sentence, and the United States Navy-Marine Corps Court of Military Review affirmed. In view of our disposition of the first assigned issue, the other issues are rendered moot.[1]

The first granted issue is as follows:

III.

WHETHER APPELLANT WAS DENIED DUE PROCESS AND FUNDAMENTAL FAIRNESS WHEN THE GOVERNMENT THREATENED A WITNESS WITH PROSECUTION BASED UPON HIS PROSPECTIVE TESTIMONY FOR THE APPELLANT.

With regard to Issue II above, we have based our ruling on the "timing" rather than the "content" or "tone" of the Commandant's lecture. Hence, we need not decide whether it constitut-

1. The other issues were:

II.

WHETHER THE MILITARY JUDGE'S DENIAL OF THE DEFENSE REQUEST TO ORDER THE GOVERNMENT TO ATTACH A VERBATIM TRANSCRIPT OF THE COMMANDANT'S LECTURE HELD ON 28 JANUARY 1982 AT 1100 RESULTED IN AN INCOMPLETE RECORD OF TRIAL.

WHETHER APPELLANT WAS DENIED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL BECAUSE OF UNLAWFUL COMMAND INFLUENCE.

We do not reach the question of unlawful command influence because we hold that the accused was denied a fair trial. So holding, we reverse and remand for a rehearing.

Near the conclusion of the Government's case-in-chief, one of the court members mentioned that the Commandant of the Marine Corps would be visiting Quantico the next day to give a speech at the base theater. He informed the military judge that the Commanding General of Quantico (who was also the convening authority of the court-martial) had directed that all officers at the base would be at the theater to hear the Commandant's address. In addition, trial counsel advised the judge that the convening authority had indicated that members of the court-martial would not be exempt from attending. It also was noted that the subject of the Commandant's address would be "drugs and things like that." The military judge ruled that he would not interfere with the command directive and would recess the court in order for the members to attend. Defense counsel objected, stating:

> I expect that ... [the issue of drugs] is the subject ... that is going to be ... talked about by the Commandant at his meeting. And we would strongly object to the members attending that in the middle of a court-martial. We think it is bad enough that they attended such a meeting prior to sitting on a court-martial, but right in the middle of one, we would think that a mistrial would be appropriate if such were the case.

Trial counsel disagreed and stated that the fact that the Commandant intended to speak about drug problems in the Marine Corps would not necessarily "prejudice the impartiality of the court"; however, if, sub-sequently, it was determined that "the Commandant [had] exceeded the bounds for these members to be impartial, perhaps at that time the motion for a mistrial would be appropriate." The military judge decided not "to require that the members not attend" the Commandant's speech, but held that he would entertain a motion for appropriate relief, additional *voir dire*, or mistrial subsequent to the lecture. In addition he gave the members a cautionary instruction to the effect that they "must not allow ... [their] objectivity or impartiality ... to be influenced by any remarks that may be made by ... [the Commandant] or other senior officers in regard to what may be perceived as a drug abuse problem within the Marine Corps:"

When the court-martial reconvened after the lecture, defense counsel moved for a mistrial on the grounds that the Commandant stated that drug trafficking was "intolerable" in the military and such persons should be "out" of the Marine Corps. He concluded that although "the Commandant's statements were [not] so improper as a general rule, ... under the circumstances of this case, ... [he believed] that ... [these court] members should not have been allowed to hear" the Commandant's remarks.

In response to the motion, the military judge conducted a *voir dire* of the members which, in essence, asked the members whether hearing the Commandant's talk had adversely affected their impartiality; they responded in the negative. The military judge then denied the motion for a mistrial, and the case continued to its conclusion.

▆▆▆ We do not premise our holding on the convening authority's decision not to excuse the court members from attending the Commandant's lecture, since this power rests within his discretion,[2] nor do we premise this decision on the military judge's acquiescence in that decision. We do, how-

---

ed improper command influence, so now there is no need for a transcript of the lecture. Since the resolution of Issue I is dispositive of the case, I express no opinion as to Issue III, above.

**2.** *See* para. 37*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

ever, conclude that the peculiar timing of the Commandant's lecture,—i.e., during the course of this trial—required that the military judge grant a mistrial upon motion of the accused. *See* para. 56*e*, Manual, *supra*.[3]

The facts here are very similar to those in *United States v. McCann*, 8 U.S.C.M.A. 675, 25 C.M.R. 179 (1958). There, during a continuance of a court-martial, several members attended a lecture on military justice given by the staff judge advocate in the course of which he discussed certain acts of misconduct that he characterized as being more reprehensible in the military than they would be in the civilian community, one of which was that of a ground control approach operator who incapacitated himself for duty through the use of intoxicants. McCann was, at that time, being tried for that specific offense. This Court held:

> The "justice" lecture clearly constituted an improper influence upon the court members in regard to a case upon which they were then sitting. Under the circumstances, reversal of the accused's conviction is required.

*Id.* at 676, 25 C.M.R. at 180. We reach the same conclusion here.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

**3.** We do not in any way wish to be viewed as condemning the contents of the Commandant's remarks since the drug problem in the military demands command attention; nor do we feel that such remarks necessarily constitute illegal command influence. Instead, we base our decision on the confluence of subject and timing, particularly as they affect the minds—however subtly or imperceptibly—of the triers of fact in this particular case. *See United States v. Grady*, 15 M.J. 275, 276 (C.M.A. 1983).

**1.** *See, e.g.*, paragraph 402.4, Marine Corps Development and Education Command Order P5800.-7A (July 5, 1979), which states:

> *Excusal From Court-Martial Duties.* This duty takes precedence over all other duties, and members will be excused by the convening authority only for good cause ....

EVERETT, Chief Judge (concurring):

Court-martial service is of such importance that it should not be interrupted unless the interruption is unavoidable because of urgent military duties. If this principle—recognized in the customs and policies of the Armed Services[1] and reaffirmed here by the Court of Military Review[2]—had been adhered to by those concerned with Brice's trial, this Court would not have been confronted with an issue of alleged command influence.

In light of the disposition of that issue, we need not decide Issue III. However, certainly the Court is not condoning the action of the trial counsel who appears to have been requesting the military judge to warn a defense witness—who had his own lawyer—that if he testified in a certain way, he would be prosecuted for violating a Navy regulation.[3] Such tactics are impermissible, for they create at least the appearance that the Government—contrary to the Uniform Code, *see* Article 46, 10 U.S.C. § 846, and the Constitution, *see* Amendment VI—is attempting to block appellant's access to exculpatory evidence.[4]

FLETCHER, Judge (concurring):

I concur with both opinions written by my Brother Judges. I write only for the reason that I am the author judge of *United States v. Piatt*, 17 M.J. 442 (C.M.A. 1984).

**2.** As the court below acknowledged in footnote 1 to its opinion, "[c]ustom and tradition within the naval service have uniformly recognized that duty as a court-martial member takes precedence over normal duties in the absence of extraordinary circumstances." Unpublished opinion at 4.

**3.** Whether the facts revealed by such testimony would have established criminal liability is itself questionable.

**4.** In light of all the circumstances reflected in the record, I do not consider the situation here to fall within *United States v. Milburn*, 8 M.J. 110, 114 (C.M.A. 1979). *See also United States v. Howard*, 5 U.S.C.M.A. 186, 17 C.M.R. 186 (1954).

Certain concepts unique to the military must be stated and accepted before resolution of the question in this case:

1. When a defendant has been placed in jeopardy at a court-martial, all matters concerning the trial are within the discretion of the trial judge.

2. Strategic command policy, if implemented of necessity for the fulfillment of that level of command's mission as defined by the President of the United States, takes precedence over a court-martial.

3. Tactical command officers' orders when fulfilling their obligation under (2) above take precedence over a court-martial.

Not to be misunderstood when I use the terms strategic and tactical, I use them in the "Clausewitz" sense.*

* *See* Note, *United States v. Brice: Command Policy or Command Influence,* 33 JAG J. 133 (Summer 1984).