**UNITED STATES, Appellee,**

v.

**John L. BROWERS, Sergeant
First Class**

**U.S. Army, Appellant.**

**No. 52,279.
Misc. No. 1985/1.**

U.S. Court of Military Appeals.

Sept. 30, 1985.

For Appellant: *Captain Annamary Sullivan* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Captain Harry L. Williams, Jr.* (on pleadings); Captain Eric T. Franzen (on motion).

For Appellee: *Captain Howard G. Cooley* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Joseph A. Rehyansky* (on pleadings).

*Opinion of the Court*

EVERETT, Chief Judge:

I

This case concerns the operation of Article 62 of the Uniform Code of Military Justice, 10 U.S.C. § 862, and the appellate jurisdiction of this Court, Art. 67, UCMJ, 10 U.S.C. § 867.

On July 23, 1984, Sergeant First Class Browers was charged with 4 specifications of committing lewd and lascivious acts on 2 soldiers, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Sessions of the trial took place on October 17 and 18 in Mannheim, Federal Republic of Germany; and at this time appellant requested and was granted a trial by military judge alone. Also the judge refused to suppress appellant's pretrial statement.

Acting on a defense request, the judge directed the Government to obtain certain defense witnesses, one of whom was to be present in time for a later hearing on a defense motion to dismiss. This hearing was to occur prior to November 28, when trial was to begin; but instead the hearing took place on November 29, and commencement of the trial was reset for December 5. At this session, the judge denied the pending motion to dismiss, and appellant entered pleas of not guilty.

When the court reconvened on December 5, trial counsel informed the military judge that the two alleged victims were absent

and that the Government requested a 16–day continuance to obtain their presence. One witness had departed on a 30–day emergency leave and was due to return by December 19. The other had been reported absent without authority as of the preceding day; but trial counsel observed that producing him apparently was "just a matter of finding him at his girlfriend's."

Defense counsel opposed the motion for a continuance and emphasized that the Government had already been granted two continuances. Trial counsel replied that the absence of one witness on emergency leave and of the other without authority was not the fault of the Government. In denying the Government's request for a continuance, the military judge observed that there was no reason to believe that the witness then absent without authority would be available in the foreseeable future; that the Government had failed to keep track of the witness who had departed on emergency leave; and that the charges were old, dating back to July.

Trial counsel then asked for a delay of 72 hours pursuant to RCM 908(b)(1) in order to determine whether the Government would pursue an interlocutory appeal of the judge's denial of the requested continuance. He contended that the judge's ruling had deprived the Government of essential witnesses and, thus, of evidence which was substantial proof of material facts. In his view, it was subject to appeal under Article 62; but the judge disagreed and required trial counsel to proceed with trial on the merits.

Because at this point the Government's case consisted only of appellant's pretrial statement, the trial judge announced findings of not guilty. Subsequent to adjournment, but before authenticating the record of trial, he executed a "Memorandum for Appellate Authorities," which he attached to the record as an appellate exhibit. This document amplified the judge's rationale for denying the Government's request for a continuance.

Within 3 days after the trial judge had ruled, the Government filed a written notice of intent to appeal. See RCM 908(b)(3). In its consideration of the appeal, the Court of Military Review concluded that the judge's denial of the Government's request for a continuance was appealable under the terms of Article 62 and RCM 908; that the trial judge had erred in denying the continuance; and that further proceedings against Sergeant Browers were not barred by double jeopardy. Judge Wold's thorough opinion reasoned that, under RCM 908(b)(2), the judge was not entitled to proceed further after trial counsel had requested a delay of 72 hours to determine whether the Government would pursue an interlocutory appeal. Consequently, all subsequent proceedings—including the entry of findings of not guilty—were a nullity.

The decision of the Court of Military Review was rendered on April 10, 1985. 20 M.J. 542. On May 2, 1985, Colonel Robert Handcox, the staff judge advocate, submitted to the convening authority a memorandum wherein he recommended that "the Charge and its four Specifications which" had been "referred for trial by special court-martial empowered to adjudge a bad-conduct discharge ... be withdrawn and dismissed without prejudice." In this document, Colonel Handcox noted that appellant's "[u]nit intends to pursue administrative elimination proceedings UP AR 635–200 if charge withdrawn"; pointed out that "[t]rial might be delayed for extended time" pending decision on appellant's petition to the Court of Military Appeals; and noted that this Court "may overturn decision of Army Court of Military Review." In his view, the "[i]nterests of [the] government" would be "served by final disposition of case" because:

> [p]otential reversal by Court of Military Appeals and finding of not guilty avoided. Accused's misconduct addressed by prompt administrative action. Expense of producing for trial three witnesses stationed in CONUS avoided.

Lieutenant General John D. Bruen, the convening authority, approved the staff judge advocate's recommendation after

making a handwritten amendment "that case be referred for admin[istrative] proceedings." These proceedings have now been initiated and, according to appellate government counsel, will in normal course be concluded in September 1985.

## II

The Government now insists that this Court has no jurisdiction to review the ruling by the Court of Military Review, because review under Article 62 contemplates an ongoing prosecution, whereas here the charges have been withdrawn—albeit without prejudice. The Government also invokes doctrines of ripeness and mootness. We reject this challenge to our jurisdiction and grant the petition for review.[1]

In our view the Government misapprehends the implications of our recent decision in *United States v. Tucker*, 20 M.J. 52 (C.M.A.1985), where we noted that Article 67(b)(3), UCMJ, 10 U.S.C. § 867(b)(3), authorizes this Court to review the record in "all cases reviewed by a Court of Military Review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted review." In our view, a case which the Court of Military Review has reviewed under Article 62 is as much within the language of this provision as a case reviewed under Article 66 of the Code, 10 U.S.C. § 866. Appellant's case was reviewed by the court below, so, under *Tucker*, it is properly before us upon his petition for review.

We have noted in other cases [2] that a convening authority cannot defeat the jurisdiction that is vested in a Court of Military Review or in this Court by subsequently reducing the sentence. *United States v. Bullington*, 18 M.J. 164 (C.M.A. 1984); *cf. United States v. Wilson*, 20 M.J. 335 (C.M.A.1985); *United States v. Speller*, 8 U.S.C.M.A. 363, 368, 24 C.M.R. 173, 178 (1957) (release of accused from active duty does not preclude completion of appellate

review; "[a]fter findings and sentence, the case enters review channels, and certainly appellate processes should be permitted to take their normal course, for to hold otherwise would subject the judicial appellate system to constant interference by military commanders"). So, too, in the present situation the convening authority cannot by his unilateral action of withdrawing the charge divest this Court of the jurisdiction which it has properly acquired.

Of course, if the case has become moot for some reason or is not ripe for consideration, then in the proper exercise of its discretion this Court will decline to exercise its jurisdiction. Neither of these doctrines, however, applies to the present case. All the relevant facts and issues of law have been developed at the trial level and in the Court of Military Review; and we can think of no reason why we should delay a decision on whether the finding of not guilty was properly entered by the trial judge.

Moreover, the case can hardly be considered moot because the determination whether appellant was acquitted probably will have a bearing on the outcome of the administrative-discharge proceedings. *Cf. United States v. Murgaw*, 2 U.S.C.M.A. 369, 371, 8 C.M.R. 169, 171 (1953) (remission of a punitive discharge does not render appeal moot; "his position is different—and to his substantial disadvantage—than if his record were to reflect merely that a bad-conduct discharge had been *improperly* adjudged"). It has been called to our attention that according to paragraph 1–19*b* of AR 635–200—the regulation whereunder the administative-discharge proceeding is now being processed pursuant to General Bruen's direction—"an acquittal or action" equivalent thereto constitutes a bar to the discharge. We assume that, if it is judicially determined that Browers was "acquitted" of the charge preferred against him, then Army authori-

---

1. Appellee's motion to summarily deny the petition for grant of review without prejudice is thus moot.

2. Appellant's motion to file supplemental citation of authority is granted.

ties will comply with their own regulations and will not seek to discharge appellant administratively. If they do not, there are various administrative and judicial remedies available to enforce compliance. Therefore, it becomes quite material to determine whether appellant was acquitted by the court-martial or whether those charges still survive.

In this connection we recall that in *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), it was contended that Professor Klopfer was not entitled to judicial review of his speedy-trial claim because the charge against him had been *nolle prossed* with leave to refile but little likelihood existed of further prosecution. The Supreme Court rejected this contention and reviewed his claim. In like fashion, we believe that, if appellant was validly acquitted at trial and if the effect of this acquittal has been improperly clouded by the ruling of the Court of Military Review, we have the right and the duty to remove that cloud.

### III

In order to determine whether appellant was validly acquitted at trial, we must first decide whether Article 62 permitted the military judge to proceed with the trial after the Government requested a delay of 72 hours to consider whether to appeal the denial of the continuance. Because the legislative history makes clear that Congress intended for Article 62 appeals to be conducted "under procedures similar to [those governing] an appeal by the United States in a federal civilian prosecution," S.Rep. No. 98–53, 98th Cong., 1st Sess. 6 (1983),[3] we look to federal precedent for guidance on this question.

The general rule in federal appellate practice is: "The filing of a timely and sufficient notice of appeal[4] transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal." *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir.1979) (en banc). However, *Hitchmon* held that the district court did not "automatically" lose jurisdiction if a notice of appeal were filed. *Id.* Indeed, *Hitchmon* specifically held "that the notice of appeal from a *nonappealable* order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal [Fed.R.App.P. 42] of the appeal by either the district court or the appellate court." *Id.* at 691; *see also id.* at 694 (last 4 paragraphs) (emphasis added). *See generally United States v. Grabinski*, 674 F.2d 677, 679–80 (8th Cir.) (en banc), *cert. denied*, 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); *United States v. Leppo*, 634 F.2d 101, 104–05 (3d Cir.1980). Therefore, if the order denying a continuance is a nonappealable order, then the military judge properly proceeded with the trial and so the acquittal is valid.

Whether the order was appealable requires construction of Article 62. Under our construction of this article, we must conclude—despite Judge Wold's thoughtful opinion—that the trial judge was correct in deciding that the Government was not entitled to appeal from his denial of a continuance. Article 62(a)(1) authorizes the Government to "appeal an order or ruling of the military judge which terminates the proceedings with respect to a charge or specification or which excludes evidence that is substantial proof of a fact material in the proceeding." The Government has not contended that the denial of the continuance terminated the proceeding, for there were further proceedings after this ruling was made.

---

**3.** *See also* H.R.Rep. No. 98–549, 98th Cong., 1st Sess. 16 (1983), U.S.Code Cong. & Admin.News 1983, p. 2177; 129 Cong.Rec. S 5613 (1983).

**4.** Because the military judge ruled that denial of the motion for a continuance to obtain the witnesses was not appealable, the Government had no opportunity to file the notice of appeal provided for in Article 62(a)(2), Uniform Code of Military Justice, 10 U.S.C. § 862(a)(2). We do not believe this should preclude applicability of this general rule if it is otherwise applicable.

Thus the issue is whether denial of a continuance requested so that the Government may produce a material witness constitutes the *exclusion* of evidence. Most lawyers think of exclusion of evidence as a ruling made at or before trial that certain testimony, documentary evidence, or real evidence is inadmissible. In short, "excludes" usually is a term of art; and we see no reason to believe that Congress had any different intention in drafting Article 62(a)(1).

Judge Wold suggests in his opinion that Article 62 should be interpreted in the same manner as 18 U.S.C. § 3731, on which it was modeled. That statute authorizes appeal by the United States to a Court of Appeals from a decision or order of a district court "suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information."

■ Appellate government counsel have not called to our attention any cases in which appeal under 18 U.S.C. § 3731 has been used to challenge a trial judge's denial of a continuance. Indeed, we suspect Congress believed that the scheduling of trials should be left primarily to trial judges and that reliance should be placed on their judgment. Admittedly, this interpretation leaves the defense with some advantages, because denial of a defense-requested continuance may be challenged on appeal as a violation of the accused's sixth-amendment right to produce evidence, and the Government has no corresponding constitutional right. However, 18 U.S.C. § 3731 was not intended to produce exact parity between the Government and the defendant with respect to appellate rights; and Article 62(a)(1) did not have any such objective.

Since the Government was not authorized to appeal the military judge's denial of a continuance, RCM 908—which deals only with appeals authorized by Article 62—never came into play. Consequently, there was no automatic stay in the proceedings;

and the judge was entitled to proceed with the trial—just as he did.

Obviously, a trial judge should exercise caution in denying a continuance when, by so doing, one side or the other may be deprived of essential evidence. However, we have confidence in the ability of military judges to make these delicate determinations; and our confidence extends fully to the trial judge in the present case.

Appellant's motion[5] for stay of administrative-discharge proceedings is denied because, whatever our jurisdiction might be under the unique facts of this case, we are sure that any issues connected therewith can best be dealt with in other forums.

## IV

The decision of the United States Army Court of Military Review is reversed. The findings of not guilty by the military judge are reinstated.

Judge FLETCHER did not participate.

COX, Judge (concurring):

I concur. This case clearly demonstrates that we must continue to give military trial judges the responsibility and authority to manage and control courts-martial, subject, of course, to each convening authority's ultimate responsibility to carry out the command's military mission. *Cf. United States v. Brice*, 19 M.J. 170 (C.M.A.1985). The Government should use Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, sparingly; *i.e.*, only when reasonable men do not differ that the pretrial ruling either ends the proceedings prior to jeopardy having attached, or suppresses or excludes evidence that is necessary to prove an essential element of the offense. A mere weakening of the Government's case is not sufficient.

It is trial counsel's duty and responsibility to marshal his or her evidence and to be ready to go forward when the court-martial begins. Government counsel should not expect to receive any more or less judicial

---

**5.** Appellee's motions to admit government appellate exhibits 1, 2, 3, and 4 are granted.

help in the performance of duties than is given to defense counsel. If it is apparent that the trial will not succeed because a witness is unavailable or for failure of proof, and the military judge refuses to grant a continuance, the convening authority certainly can consider withdrawing the charges and rethinking alternative courses of action which are open to him, *e.g.*, preferring new charges. This is no greater burden than that facing prosecuting attorneys throughout the common-law system. The appellate courts of our system must zealously defend the military trial judge's authority to manage the proceedings over which he presides; they must not permit that authority to be yielded to either trial or defense counsel.