**UNITED STATES, Appellant,**

v.

**Jerry D. PENN, 573 58 1095, Lieutenant Commander (0–4), Medical Corps, U.S. Navy, Appellee.**

**Misc. No. 85–22.**

U.S. Navy-Marine Corps Court of Military Review.

27 Jan. 1986.

LCDR R. Clayton Seaman, Jr., JAGC, USN, Appellate Government Counsel.

LT P.J. Battin, JAGC, USNR, Appellate Government Counsel.

LCDR James J. Quigley, JAGC, USN, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

Before KERCHEVAL, Senior Judge, and RAPP and GRANT, JJ.

PER CURIAM:

The appellee is charged at a general court-martial with one specification of dereliction of duty, two specifications of perjury, and two specifications of conduct unbecoming an officer and a gentleman in violation, respectively, of Articles 92, 131, and 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 931, 933. At an Article 39(a), 10 U.S.C. § 839(a), session, he requested a new Article 32, 10 U.S.C. § 832, investigation, claiming the Article 32 investigating officer was not impartial. The appellee cited evidence that the investigating officer had previously acted as a government agent in processing claims against the Government arising from the alleged malpractice of a medical officer whom the appellee recruited and whose accession into the medical service was proximately related to charges against the appellee. The appellee further claimed the investigating officer's awareness of the medical officer's alleged malpractice and the resultant claims against the Government were aggravating factors utilized by the investigating officer in assessing the gravity of the charges against the appellee, and prompted the investigating officer to recommend that charges against the appellee be referred to a general court-martial. Although the investigating officer disclaimed any causal connection between his administrative duties as Head, Claims Division, Naval Legal Services Office, Washington, D.C., and his recommendation, as the Article 32 investigating officer, that appellee be tried at a general court-martial, the trial judge resolved the matter against the Government and ordered a new Article 32 Investigation. The Government timely appealed the trial judge's order, alleging:

I

THE PRACTICAL EFFECT OF THE TRIAL JUDGE'S RULING ORDERING A NEW PRETRIAL INVESTIGATION TERMINATED THE PROCEEDINGS AND THEREBY ALLOWS THE GOVERNMENT TO APPEAL UNDER ARTICLE 62; UCMJ.

II

THE TRIAL JUDGE ERRED IN DETERMINING THE INVESTIGATING OFFICER WAS NOT IMPARTIAL AND IN ORDERING A NEW ARTICLE 32 INVESTIGATION.

We will address only the issue of jurisdiction, as it is dispositive of the Government's appeal.

A legislative history[1] of Article 62[2], UCMJ, 10 U.S.C. § 862, is contained in *United States v. Browers*, 20 M.J. 542 (A.C.M.R.1985), *reversed*, 20 M.J. 356 (C.M.A.1985). The Army Court of Military Review concluded, based upon an analysis of the comparable federal statute[3], that an appellate court may look to the "practical effect" of the trial judge's decision in determining its jurisdiction under Article 62 and is not bound by the "facial categorization" of the rule, *Browers*, 20 M.J. at 547, which is the basis for the Government's assertion of Article 62 jurisdiction in the present case, namely, that although the trial judge's decision did not terminate the proceedings, it may have the practical effect thereof by virtue of the charges ultimately being dismissed for lack of a speedy trial under Rule for Courts-Martial 707, *Manual for Courts-Martial, 1984*.

In declining to accept jurisdiction under Article 62, we cite the disinclination of the Court of Military Appeals to adopt the practical effects approach in construing Article 62 where the trial judge's denial of a government continuance request to secure the attendance of material government witnesses, resulting in a finding of not guilty for lack of evidence, neither immediately

terminated the proceedings nor excluded evidence as the result of an evidentiary ruling. *Browers*, 20 M.J. at 359–360.

We need not rule in this case that the practical effects test is inapplicable to all Article 62 appeals, but we do extend the rationale of the Court of Military Appeals to the facts of this case and decline jurisdiction under Article 62, strictly construing the statute, where the order of the trial judge did not terminate proceedings or exclude evidence and where to hold otherwise would require the application of a practical effects test without the benefit of a full evidentiary hearing or the opportunity to evaluate the Government's actions in completing a new Article 32 Investigation pursuant to the trial judge's order.

Accordingly, the petition for review of the trial judge's order under Article 62 is denied, and the record is remanded for further action not inconsistent with this decision.

---

1. "The legislative history of Article 62 reveals that Congress intended that article to parallel, to the extent practicable, 18 U.S.C. § 3731 (1984), which permits appeals by the United States in federal civilian prosecutions. *See* S.Rep.No. 98–53, 98th Congress, 1st Sess.23 (Military Justice Act of 1983) (statement of William Taft IV, General Counsel of the Dept. of Defense); The Military Justice Act of 1980; Hearings on S. 2521 Before the Subcomm. on Manpower and Personnel of the Senate Comm. on Armed Services, 97th Cong., 2d Sess. 33, 46 (1982) (statement of Major General Hugh J. Clausen, The Judge Advocate General, U.S. Army)." *United States v. Browers*, 20 M.J. 542, 547 (A.C.M.R. 1985), reversed, 20 M.J. 356 (C.M.A.1985).

2. Article 62 provides in pertinent part:
   In a trial by court-martial in which a military judge presides and in which a punitive discharge may be adjudged, the United States may appeal an order or ruling of the military judge which terminates the proceedings with respect to a charge or specification or which excludes evidence that is substantial proof of a fact material in the proceeding....

3. 18 U.S.C. § 3731 (1985) provides in pertinent part:
   In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.
   An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

   The provisions of this section shall be liberally construed to effectuate its purposes.