UNITED STATES, Appellant,

v.

Christopher W. TRUE, 406 11 4798, Construction Electrician Constructionman Recruit (E–1), U.S. Navy, Appellee.

NMCM No. 873657 M.

U.S. Navy–Marine Corps Court of Military Review.

27 April 1988.

Lt. Kevin R. Smith, JAGC, USNR, Appellate Government Counsel.

LCDR J.J. Quigley, JAGC, USN, Appellate Defense Counsel.

Lt. Daniel W. Dooher, JAGC, USNR, Appellate Defense Counsel.

RUBENS, Judge:

This is an appeal by the United States pursuant to Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862.[1] The threshold issue is whether this Court has jurisdiction under Article 62 and Rule for Courts–Martial (R.C.M.) 908[2] to hear a government appeal of a military judge's ruling granting a defense motion for employment of an investigative assistant and abating the proceedings when the Government failed to comply. We hold that this ruling is not appealable under Article 62.

Article 62 and R.C.M. 908 authorize the Government to appeal only those orders or rulings which terminate the proceedings with respect to a charge or specification or which exclude evidence that is substantial proof of a fact material in the proceedings. The Government contends that "the decision of the military judge to abate the proceedings, in this case, *sine die*, is tantamount to a dismissal." Appellee, on the other hand, argues that the trial judge's abatement of the proceedings "amounts to nothing more than a continuance of the proceedings" and is, therefore, not appealable.

I

The first possible jurisdictional basis for this appeal (and the sole basis urged by the Government) is that the military judge's ruling was a termination of the proceedings. Termination is not defined in the UCMJ or R.C.M. 103 (Definitions and Rules of Construction) or 908 (Appeals by the United States). Termination, moreover, is not a universally accepted legal term with a fixed meaning.[3] Article 62 and R.C.M.

1. On 30 October 1987, the defense filed a Petition for Extraordinary Relief with the U.S. Court of Military Appeals requesting that the accused be immediately released from pretrial confinement. In an order dated 16 November 1987, the Court of Military Appeals forwarded the Petition for Extraordinary Relief to the Judge Advocate General of the Navy for transmittal to this Court for consideration during our review of the Government's Article 62 appeal. The petition, however, was not received by this Court until 15 December 1987. The petition was mooted when the appellee was released from pretrial confinement by the military judge on 16 December 1987.

2. Manual for Courts–Martial, United States, 1984 (MCM).

3. *See, e.g., Black's Law Dictionary,* (4th Ed.1968) (termination not defined); *Bouvier's Law Dictionary and Concise Encyclopedia* (3d Rev.1914) (termination not defined); *but see Black's Law Dictionary* 1319 (5th Ed.1979) (termination defined as end in time or existence, close, cessation, conclusion, expiration of insurance policy

908 are based on the federal civilian government appeal statute, 18 U.S.C. § 3731, which uses dismissal. Termination, therefore, is not clear on its face and cannot be merely applied. Rather, it must first be interpreted.[4] The decisions which have interpreted 18 U.S.C. § 3731 hold that the statute is to be liberally construed so as to allow every appeal not forbidden by the double jeopardy clause of the Constitution.[5] Although the legislative history of the 1983 amendment to Article 62[6] makes clear that Congress intended Article 62 appeals to be conducted "under *procedures* similar to [those governing] an appeal by the United States in a federal civilian prosecution,"[7] it does not necessarily follow that Article 62 is to be liberally construed. In fact, the Analysis to R.C.M. 908[8] indicates that strict construction is more appropriate. The U.S. Court of Military Appeals also strictly construed the second prong of Article 62 appeals ("excludes evidence that is substantial proof of a fact material in the proceeding") in *United States v. Browers*, 20 M.J. 356 (C.M.A.1985), and limited the application of that part of the statute to the exclusion of evidence in the technical sense of that term. Strict construction of the first prong of the statute ("termination"), therefore, is consistent with the intent of Congress.

With the construction approach settled we turn to whether an abatement is a termination. In *United States v. Harris*, 24 M.J. 622 (A.C.M.R.1987), the Army Court of Military Review discussed "abatement

of proceedings" in connection with an R.C. M. 704 defense request for witness immunity. The Court concluded that "the term 'abate' has taken on an additional meaning in the military criminal law context in appropriate circumstances—an indefinite continuance or stay of proceedings, continuation of which is normally conditioned on the occurrence of a specific event." *Id.* at 626. In reaching this conclusion, the Court noted that

> [t]he trial judge's abatement of proceedings did nothing more than temporarily forestall them and condition their continuance on the availability of the coaccused/witness. His ruling was *not a complete termination* of the proceedings against appellant, nor was it tantamount to a final disposition of the case. Rather, it was a temporary suspension of the proceedings which would resume when the coaccused/witness became available to testify at appellant's trial.

*Id.* (emphasis added). We adopt the Army Court of Military Review's reasoning and similarly find that the military judge's abatement of proceedings in this case was not a termination of the proceedings with respect to any charge or specification, but rather a temporary forestalling of the court-martial until such time as the defense investigative assistant, whom the military judge found necessary to the preparation of the defense, was made available by the Government. Thus, under the analysis set forth in *Harris, supra,* the military judge's ruling is not appealable because an abate-

---

by lapse, end of contract before anticipated term, winding up or cessation of the business of a partnership, or legal ending of a contract without its being broken by either side (UCC § 2–106)).

4. *Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *See also* C. Sands, 2A Sutherland Statutory Construction § 45.02 (1943) (although *Caminetti* is overly simplistic, it correctly states a basic principle of statutory construction).

5. *United States v. Tranowski,* 702 F.2d 668 (7th Cir.1983), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3586, 82 L.Ed.2d 884 (1984); *Government of the Virgin Islands v. Christensen,* 673 F.2d 713 (3d Cir.1982); *United States v. Correia,* 531 F.2d 1095 (1st Cir.1976); *see also United States v.*

*Beck,* 483 F.2d 203 (3d Cir.1973), *cert. denied,* 414 U.S. 1132, 94 S.Ct. 873, 38 L.Ed.2d 757 (1974).

6. Military Justice Act of 1983, Pub.L. No. 98–209, § 5(c)(1), 97 Stat. 1393, 1398 (1983).

7. S.Rep. No. 98–53, 98th Cong., 1st Sess. 6 (1983) (emphasis added).

8. *See* MCM, Appendix 21, Analysis at A21–51 (1984) (frequent appeals by the Government would disrupt trial dockets and could interfere with military operations and other activities, and would impose a heavy burden on appellate courts and counsel). The same administrative and logistic considerations do not apply to federal civilian appeals.

ment of proceedings is not a termination under R.C.M. 908.

Although the *Harris* analysis of "abatement of proceedings" is compelling, that case did not involve an Article 62 government appeal. In order to determine the appealability of the military judge's ruling, we must look to the underlying ruling itself and not the sanction applied by the military judge to induce compliance. The ruling sought to be appealed here is not the military judge's decision to abate the proceedings, but rather his ruling that the Government must produce a particular defense investigative assistant. Compared with other rulings which result in the termination of court-martial proceedings, the ruling to produce this individual disposes of no charge or specification "on grounds capable of resolution without trial of the general issue of guilt." R.C.M. 907.[9] The military judge's order to provide an investigative assistant does not constitute a termination of proceedings with respect to a charge or specification and, thus, does not fall within the first category of rulings which are appealable under Article 62. The only reason that the ruling in this case might be considered to be even colorably appealable is the Government's refusal to comply. Such a reason cannot constitute an appropriate ground for appeal.

## II

The second possible jurisdictional basis for this appeal is that the military judge's ruling constituted the exclusion of material evidence.[10] The principal issue in *United States v. Browers*, 20 M.J. 356 (C.M.A. 1985), was "whether denial of a continu-

ance requested so the Government may produce a material witness constitutes the *exclusion* of evidence" for purposes of an Article 62 government appeal. *Id.* at 360 (original emphasis). The U.S. Court of Military Appeals answered the question in the negative and determined that the military judge's continuance ruling was not appealable by the Government under Article 62 because exclusion is a word of art and does not include continuance denials which force the Government to go forward with their case. Judge COX's concurrence in that case confirms our strict construction approach to Article 62, UCMJ:

> The Government should use Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, sparingly; *i.e.*, only when reasonable men do not differ that the pretrial ruling either ends the proceedings prior to jeopardy having attached, or suppresses or excludes evidence that is necessary to prove an essential element of the offense.

*Id.* (COX, J., concurring). Similarly, the military judge's granting of a defense motion to produce an investigative assistant does not fall within the ordinary sense of the term exclusion of material evidence.

## III

A ruling concerning the employment of a defense investigative assistant is within the sound discretion of the military judge.[11] Allowing the Government to appeal such a ruling would emasculate the military judge's power over the management of court-martial proceedings. Article 62 was not intended to have that result:

> resolution of charges on the issue of guilt otherwise inappropriate. A decision on a motion to provide an investigative assistant, on the other hand, does neither.

9. R.C.M. 907 states that a "motion to dismiss is a request to terminate further proceedings as to one or more charges and specifications on grounds capable of resolution without trial of the general issue of guilt." It then lists common grounds for motions to dismiss. These grounds include lack of jurisdiction to try the accused or the offense, failure of a specification to state an offense, failure to afford an accused his right to a speedy trial, running of the statute of limitations, double jeopardy, executive pardon, and grant of immunity from prosecution, among others. While the list is not intended to be exclusive, MCM, Appendix 21, Analysis at A21–50, it consists of grounds which either reveal a specification as being defective or render the

10. The argument is that the military judge's abatement of the proceedings has the effect of suppressing the Government's entire case.

11. *See* R.C.M. 703(d) (analogous rule dealing with expert witnesses) and 906(b) (motions for appropriate relief). Such a ruling, of course, is reviewable by this Court for an abuse of discretion under Article 66, UCMJ, 10 U.S.C. § 866.

The appellate courts of our system must zealously defend the military trial judge's authority to manage the proceedings over which he presides; they must not permit that authority to be yielded to either trial or defense counsel.

*Browers* at 361. Thus, there are valid policy reasons for our strict interpretation of Article 62.

Accordingly, the appeal of the United States is denied. The record of trial is returned to the military judge for further proceedings as may be appropriate.

Chief Judge BYRNE and Judge COUGHLIN concur.