**UNITED STATES, Appellee,**

v.

**Specialist Ellenora JOHNSON, 250–13–3154, United States Army, Appellant.**

**ACMR 9100450.**

U.S. Army Court of Military Review.

30 Oct. 1991.

For Appellant: Captain Timothy M. Lawlor, JAGC, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Donna L. Barlett, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by special court-martial composed of officers. Contrary to her pleas, she was found guilty of two specifications of missing movement through design in violation of Article 87, Uniform Code of Military Justice, 10 U.S.C. § 887 (1984). She was sentenced to a bad-conduct discharge, hard labor without confinement for three months, forfeiture of $503.00 pay per month for five months, and reduction to Private E1. The convening authority reduced the hard labor without confinement to 30 days but otherwise approved the sentence.

Appellant asserts, *inter alia*, that she was denied a fair trial when the military judge refused to grant a continuance in

order for an expert witness to testify and refused to admit evidence relevant to her state of mind at the time of the charged offenses. We will affirm the findings of guilty to the lesser included offense of missing movement through neglect and will reassess the sentence.

On 19 December 1990, appellant, a medical supply clerk, received travel orders for movement to Fort Carson, Colorado, on 31 December 1990. Although appellant informed another that she would not make the movement and attempted to get her orders rescinded, she did make preparations for the movement by obtaining the required immunizations and buying and packing personal property. On the Saturday before the scheduled movement, she discovered that she had lost her airline tickets. She did not immediately inform the appropriate authorities of the loss but attended her church at a "servicethon." Appellant's superiors learned of the loss of the tickets when appellant appeared at the unit after the scheduled departure of her morning flight. The lost tickets were found and appellant was scheduled for a flight later that evening. Appellant testified that, while driving to the airport to depart on this later flight, God told her to "keep driving," rather than take the exit to the airport. Subsequently, she told a superior that she made her decision not to go and would accept the consequences.

At trial, appellant's defense was that she was depressed and suffering from anxiety due to marital problems, her religious beliefs and the impending move. It was contended that she suffered from such a psychological disorder that she could not make decisions and thus could not form the specific intent required in the offense of missing movement through design.

Evidence was presented to the court by appellant to raise the issue of lack of specific intent. In addition to this evidence, appellant's civilian counsel made his own arrangements for a psychiatrist, Dr. Lowenger, to testify as an expert on behalf of the appellant concerning her mental state and ability to form the necessary intent. He did not request the witness through trial counsel and no subpoena was issued. Dr. Lowenger was told by civilian counsel to be present to testify on Thursday morning. Unfortunately, the trial was scheduled to end on Wednesday. During the presentation of his case, civilian counsel made this situation known to the military judge. He requested a continuance until the next morning so his witness could testify. The military judge noted that he was scheduled for trial at several distant places and would not be available to conclude this trial until the next month. Further, he noted that in order to keep his schedule, he would depart by a flight early Thursday morning. Consequently, he denied the motion for a continuance but suggested that the parties could contact the doctor by telephone during a recess and agree to a stipulation of expected testimony.

Ignoring the military judge's reasonable suggestion, trial counsel refused to stipulate to the expected testimony of Dr. Lowenger. After the recess, civilian defense counsel stated that the witness could be present at 2100 hours that evening and requested a delay until that time. Noting that such a delay would cause the trial to terminate at about 0400 the next morning, the military judge denied the request.[1]

▌ The question before us is whether the military judge abused his discretion by denying the requested continuance and thus deprived appellant of a material witness and a fair trial. Continuances should be granted liberally upon a showing of good cause. *United States v. Daniels,* 28 C.M.R. 276 (C.M.A.1959); *United States v. Thomas,* 33 M.J. 694 (A.C.M.R.1991). Refusal by a military judge to grant a continuance will not be reversed absent a clear abuse of discretion. *United States v. Menoken,* 14 M.J. 10 (C.M.A.1982). Caution should be exercised in denying a continuance where one side would be deprived of essential evidence. *United States v. Browers,* 20 M.J. 356, 360 (C.M.A.1985). Where testimony is relevant and not cumulative

---

1. Interestingly, at 2225, appellant's counsel requested a recess until Thursday morning because of the late hour. The military judge denied this request.

and where the delay would be minimal, failure to grant an untimely request for a delay to permit witnesses to testify may constitute an abuse of discretion. *United States v. Ford*, 29 M.J. 597 (A.C.M.R.1989).

As a tactical decision, civilian defense counsel decided not to request the witness through trial counsel. No doubt this decision was made to keep the witness as a surprise until the last possible moment. Formal procedures to ensure attendance of witnesses are provided by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 703 [hereinafter R.C.M.]. Failure of defense counsel to comply with these procedures may deprive him of valuable evidence without blame to the other party if the witness fails to appear. Dep't of Army Pam. 27–173, Trial Procedure, para. 21–2 (20 Apr.1990). Even when a witness who is essential to a fair trial is unavailable, the military judge need not grant a continuance or grant other relief where the unavailability of the witness could have been prevented by the requesting party. R.C.M. 703(b)(3).

Three parties at the trial are responsible for the predicament before us. First, we are not convinced that the military judge could not have rearranged his "busy schedule" to permit granting of the continuance. Further, the military judge did not specifically announce for the record whether the witness was material or if the evidence was cumulative. Second, trial defense counsel's tactic of not requesting the presence of a witness through procedures established by the Rules for Courts–Martial deprived appellant of the witness. Third, we are concerned at trial counsel's entrenched attitude of not talking to the witness to determine if a stipulation was possible and practical. Although not required to stipulate to the testimony, the trial counsel jeopardized his case by not seeking a practical solution to the issue.

Under the circumstances of this specific case, we decide the issue in favor of appellant. We hold that the military judge abused his discretion in denying the continuance. Because the evidence was directed to the specific intent element of missing movement through design, we shall cure the error by affirming the lesser included offense of missing movement through neglect and shall reassess the sentence.

The remaining assertions of error, to include those raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) are without merit.

It is noted, however, that the court adjudged, and, based upon the recommendation of the staff judge advocate, the convening authority approved, a forfeiture $1.00 in excess of that permitted by law. *See* R.C.M. 201(f)(2)(B)(i) (special court-martial cannot adjudge a forfeiture exceeding two-thirds pay per month for 6 months); *see also* R.C.M. 1003(b)(2) (forfeitures shall state exact amount in whole dollars to be forfeited). We shall correct the error.

The court affirms only so much of the findings of guilty of Specifications 1 and 2 of the Charge as find the appellant did miss movement through neglect. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), only so much of the sentence is affirmed as provides for a bad-conduct discharge, hard labor without confinement for 30 days, forfeiture of $502.00 pay per month for five months, and reduction to Private E1.

Judge HAESSIG and Judge ARKOW concur.