**UNITED STATES, Appellee,**

v.

**Sergeant First Class Johnny L. WOOD, 262–49–1108, United States Army, Appellant.**

**ACMR 9102493.**

U.S. Army Court of Military Review.

18 Dec. 1992.

---

For Appellant: Mark L. Nestor (argued), Captain Kurt J. Mayer, JAGC (on brief).

For Appellee: Captain Robert J. Walters, JAGC (argued); Colonel Dayton M. Cramer, JAGC; Lieutenant Colonel Joseph A. Russelburg, JAGC; Major Joseph C. Swetnam, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was found guilty of indecent acts with a child under the age of sixteen, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for one year, forfeiture of $200.00 pay per month for twelve months, and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts that the military judged abused his discretion by failing to grant a continuance to allow appellant time to have an evaluation of the victim by a clinical psychologist. He also asserts that the military judge erred in not granting a defense motion for a new and continued investigation under Article 32(b), UCMJ. Finally, appellant asserts that the military judge erred in allowing trial counsel to present the victim's testimony through

leading questions. We disagree with all assertions and affirm.

■ We will address the assertion concerning the Article 32(b) investigation first. The offense before us involves indecent acts by appellant with a six-year-old girl. The contested facts involved whether appellant placed his hands under the clothing of the six-year-old child, "fondling her genital area." The acts took place twice: while appellant and the victim were in the bathroom and when he took her to his truck. During the criminal investigation, a session was held between the investigator and the child in which the child indicated appellant had committed the indecent acts. This session was videotaped. At the Article 32 investigation, the child was called as a witness. The essential part of her testimony was that appellant committed the indecent acts as alleged. During her testimony, she referred to the videotape and stated that during the videotape she told the investigator the same thing about appellant touching her private parts. She indicated that her testimony was true. The investigating officer admitted the videotape as an exhibit, over the objection of defense counsel. The basis of the objection apparently was that the witness was available to testify; and, therefore, the unsworn videotape could not be considered as an alternative to the testimony under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 405(g)(2) [hereinafter R.C.M.]. The objection was also raised at trial in the form of a motion for appropriate relief calling for a new Article 32 investigation. The military judge denied the motion. Appellant now raises the issue before this Court.

■ Although the rules of evidence generally do not apply to Article 32 investigations and the investigator's recommendations are advisory, the investigation must be conducted in a fundamentally fair manner. *United States v. Martel*, 19 M.J. 917 (A.C.M.R.1985). Where a defect deprives an accused of a substantial pretrial right, he is entitled to enforcement of that right regardless of whether he will benefit at trial. *United States v. Mickel*, 26 C.M.R.

104 (C.M.A.1958). Otherwise, an accused must show specific prejudice of his rights at trial. *See* R.C.M. 906(a). Generally, defects in, the investigation do not deprive a court-martial of jurisdiction. UCMJ art. 32(b); *United States v. Parker*, 19 C.M.R. 201 (C.M.A.1955). Except for testimony of the accused, all testimony given at an Article 32 investigation must be sworn, with certain exceptions not applicable in this case. *See* R.C.M. 405(h)(1)(A). Timely objection to a defect is required or it is waived, absent a showing of good cause. R.C.M. 405(k).

In the case before us, timely objection to consideration of the videotape statement was made during the investigation and at trial. We must first determine if there was a defect. We hold that the videotape was incorporated into the sworn testimony of the witness during the Article 32 investigation when she referred to the videotape. Thus, it became sworn testimony. Consequently, we hold that there was no defect by the investigating officer considering the videotape statement of the child victim.

■ Assuming, *arguendo*, that consideration of the testimony was a defect, we do not believe that it deprived appellant of a substantial pretrial right. This does not end our inquiry, for we must test the defect for prejudice to appellant at trial. *See Mickel*, 25 C.M.R. at 107. Here, the videotaped statement contains essentially the same information to which the child victim testified at the investigation. We doubt that the videotaped statement was the deciding factor in the investigating officer's recommendations. Additionally, appellant had the opportunity to cross-examine the child victim as to the contents of the videotape. *See United States v. Bramel*, 29 M.J. 958 (A.C.M.R.1990).

At trial, the defense introduced the videotape as a prior inconsistent statement in an attempt to discredit the child victim's in-court testimony. Having failed in his attempt to use the videotaped statement to his advantage at trial, appellant should not now be heard to complain that the same tape tainted the Article 32 investigation. We find no prejudice to appellant at trial

from the consideration of this statement by the investigating officer.

 Appellant asserts that the military judge abused his discretion by failing to grant a continuance to allow appellant time to have an evaluation of the victim by a clinical psychologist. Prior to trial, appellant requested the appointment of a board certified psychiatrist as part of the defense team to assist in the preparation of a defense. The request was made "in order to explore the credibility of the child who is the alleged victim in our case." On 2 October 1991, the request was approved by the convening authority and Dr. Judah, a licensed practicing psychologist, was designated. Dr. Judah was one of the alternates requested and accepted by the defense. The case had been scheduled for trial on 6 November 1991. Prior to trial, appellant requested a continuance for an unspecified period of time because Dr. Judah had suggested psychological testing of the victim with subsequent evaluations. He believed that such "methodology can provide valuable information about the extent to which the alleged victim may be predisposed to fabrication or flights of fantasy and the extent to whether she may have chronic emotional problems which would be the most common reason for a false allegation." This information is contained in a letter dated 26 October 1991. In the letter Dr. Judah indicates that his comments were made after reviewing the victim's videotaped statement already discussed in this opinion. He praised the way the investigator conducted the interview. He further wrote,

> If the child is considered as appropriate to testify, ... she seems to be a very resilient child possibly able to state her experiences in court. If she is regarded as stable enough to be (sic) testify directly in her own behalf (this is another question psychological testing might help in answering), I would discourage any cross examination that employs strong inconsistencies in her recollection of events—The ease with which this can be accomplished with a child of her age is *not* something that, in my experience

and education, really creates reasonable doubt.

At a session conducted on 5 November 1991 to resolve the issue of the continuance, Dr. Judah testified that cross-examination could produce the same results as psychological testing on resolving the issue. The military judge noted that the request was open-ended, concluded that the matter to be explored was whether the expert felt the child victim was credible, and noted that an opinion whether the child was telling the truth was not admissible. He further noted that the case had been referred in June and the allegations were "going on for at least 6 months." He noted the age of the child and the passage of time was likely to make it harder for her to recollect the events. Considering these factors, he denied the motion. It is noted that appellant's request for a continuance was granted from 5 September to the week of 30 September 1991 for the purpose of obtaining the expert to be part of the defense team. A session on 4 October reveals that the case was "moved to November because the defense put in a request ... to have a psychiatrist made part of the defense team ... and that request was granted by the convening authority." Dr. Judah had been made a part of the defense team. At that session, trial defense counsel stated that he could see no reason why the defense would not be able to go to trial on 6 and 7 November.

 A determination whether to grant a continuance is within the broad discretion of the military judge, and a denial will not be reversed absent a clear abuse of discretion. *United States v. Menoken*, 14 M.J. 10 (C.M.A.1982); *United States v. Johnson*, 33 M.J. 855 (A.C.M.R.1991). Continuances should be granted liberally upon a showing of good cause. *United States v. Daniels* 28 C.M.R. 276 (C.M.A.1959). Caution should be exercised where one side may be deprived of essential evidence. *United States v. Browers*, 20 M.J. 356, 360 (C.M.A.1985). Expert witness testimony concerning whether a witness has testified truthfully is not permitted. *United States v. Suarez*, 35 M.J. 374, 376 (C.M.A.1992);

*United States v. King*, 35 M.J. 337, 342 (C.M.A.1992).

In the case *sub judice*, appellant had been given delays in trial in order to obtain the assistance of Dr. Judah. His last request for a continuance was for an indefinite time. The military judge found that the delay might impact on the child's memory of the events. In addition, it is noted that the testimony of the expert as to the truthfulness of the child victim would not be admissible. Dr. Judah's letter indicates that if the child was permitted to testify, her resilience was such that caution should be exercised on cross examination concerning inconsistencies.[1] Under the circumstances, we find no clear abuse of discretion by the military judge in denying the motion for a continuance.

 Finally, appellant asserts that the military judge erred in allowing trial counsel to present the victim's testimony through leading questions. The victim of this offense was six years old at the time of trial. At appellant's trial, it became apparent that she was having difficulty discussing the events. Trial counsel used some leading questions to assist the victim in telling her story to the court. Although the trial counsel did not request permission to use leading questions, the military judge permitted it. During the child victim's testimony, counsel made one objection to leading questions. The record reflects the following: "ADC: Sir, I understand the leeway involved in this, but this is a little too much leading. MJ: Well, it hasn't got to that point yet. I'm aware of the problem. Keep going."

"Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the testimony of the witness." Manual for Courts–Martial, United States, 1984, Mil. R.Evid. 611(c) [hereinafter Mil.R.Evid.]. It is within the discretion of the military judge to permit leading questions. Mil. R.Evid. 611 analysis, app. 22, at A21–61. *United States v. Mansfield*, 33 M.J. 972,

989 (A.F.C.M.R.1991). An example where the use of leading questions may be appropriate is when a child is a witness. *Id.* See also Saltzberg, Schinasi & Schleuter, *Military Rules of Evidence*, 686 (3d ed. 1991).

We have examined the testimony of the child victim and have concluded the trial counsel's questions were not so leading that the testimony was his rather than that of the child victim. *See United States v. Littlewind*, 551 F.2d 244 (8th Cir.1977) (use of leading questions permitted in examining young rape victims). We hold that the military judge did not abuse his discretion in permitting the trial counsel to lead the six-year-old victim.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.

---

1. It appears this advice of Dr. Judah was not followed. Defense attempted to discredit the child based on what they perceived as prior inconsistent statements. As Dr. Judah predicted, they were not successful.