BAKER, Chief Judge
(dissenting):
The jurisdictional question presented in this ease is whether an order by a military judge curtailing the Government’s case-in-chief, over objection, is subject to review under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2012). Remarkably, the majority concludes that this Court lacks jurisdiction to hear such an interlocutory issue. It reaches this conclusion through reference to a number of points that have nothing to do with the jurisdictional question presented, namely,
“Congress believed that the scheduling of trials should be left primarily to trial judges and reliance should be placed on their judgment.” United States v. Vargas, 74 M.J. 1, 7 (C.A.A.F.2014) (citation and internal quotation marks omitted).
“Any limitation on the government’s ability to present evidence was self-inflicted.” Id. at 8.
*9 “Proper case management during a trial, necessary for the protection of an accused’s due process rights and the effective administration of justice, is encompassed within that responsibility.” Id. at 8.
“Once the military judge denied the continuance, the normal course was for the trial to continue. At that point, however, since the government informed the military judge it had no further evidence or witnesses to introduce, the government’s own inaction essentially ‘rested’ its case and the military judge’s ‘ruling’ was nothing more than a recognition of that fact.” Id. at 6.
These factors are relevant to whether or not the military judge may have abused her discretion, but they do not address whether there is jurisdiction under Article 62, UCMJ, to consider the military judge’s order resting' the Government’s ease-in-ehief. Moreover, the majority conflates the military judge’s denial of a continuance with the military judge’s order resting the Government’s case, and thus erroneously relies on United States v. Browers, 20 M.J. 356 (C.M.A.1985), a case involving the denial of a continuance. Brow-ers is not “strikingly similar” to this case, because it only addressed the military judge’s denial of a continuance, a matter which all judges agree generally presents a case management issue.[1] Vargas, 74 M.J. at 6.
To repeat, the issue in this ease is the military judge’s denial of the Government's motion to reconsider the military judge’s order resting its case-in-chief.
The sum total of the majority’s analysis on this critical jurisdictional question is that the Government somehow rested its own case when the military judge denied its motion for a continuance and the Government was not prepared to proceed. However, the Government objected and affirmatively stated that it was not resting its case. Most importantly, the military judge reopened the matter the following day after realizing on the first day that R.C.M. 908(b)(4) precluded any further sessions of the court-martial in light of trial counsel’s declaration that he intended to appeal. This effectively mooted the continuance issue since the proceedings would now be forced into the following day when, as it turns out, all the Government witnesses in issue would be in attendance. In short, the Government did not rest its case. Moreover, even if it could be argued that it had done so on day one, on day two the military judge reopened the matter and denied the motion to reconsider the ruling resting the Government’s case. And it is that order for which there is jurisdiction to appeal under Article 62, UCMJ.
The jurisdictional point is illustrated with reference to the following hypothetical: What if a military judge orders^ the Government to rest before presenting any of its case-in-chief? Would this Court really conclude that there is no jurisdiction to hear an appeal in such a case? Would this Court really conclude that such an order did not “exelude[ ] evidence that is substantial proof of a fact material in the proceeding[?]” Article 62(a)(1)(B), UCMJ. I do not think so, and neither did the military judge in this case. In fact she seems to have understood that she was excluding evidence for the purposes of Article 62, UCMJ, when denying the Government’s motion for reconsideration, she stated: “[ajbsent appellate intervention, the government will not be allowed an opportunity to present additional evidence in their case-in-chief.”
The CCA was correct on the jurisdictional issue. Therefore, finding jurisdiction, this Court should ask one question: did the mili *10 tary judge abuse her discretion when she rested the Government’s case after it sought on the afternoon of day one an adjournment to the following day to accommodate the schedules of three witnesses in a case that was already scheduled for three days? At least two of these witnesses offered substantial proof of a material fact, the 911 operator and the emergency room doctor-one who had taken the initial emergency call and the other who had administered medical treatment. One might argue that the testimony of the NCIS' agent recalled from Afghanistan would not have provided evidence that was “substantial proof of a fact material to the proceeding[s],” However, such assessments in a criminal case are best left to the counsel trying the case, especially since Article 51(c)(4), UCMJ, 10 U.S.C. § 851(c)(4) (2012), expressly burdens the Government with proving the guilt of the accused beyond a reasonable doubt.
In considering whether the military judge abused her discretion in overruling the Government’s objection to her order resting the Government’s case, the factors the majority cites are all relevant. However, it is also relevant that the military judge’s order resting the Government’s case-in-ehief occurred the day after the Government’s request for a continuance was denied. Thus, the trial continued until the next day at which point the military judge again rested the Government’s case even though the witnesses in question were then available. This, to me, is the clearest factor that the military judge abused her discretion in this case.
As a result, I respectfully dissent.

. I agree with the majority's premise that a military judge should have the authority "to exercise effective case management and control of the trial proceedings.” Vargas, 74 M.J. at 8 n. 9. What I do not agree with is the majority’s conclusion that this Court does not have jurisdiction to review a military judge's decision to sua sponte rest a party's case-in-chief, over the party's objection, while evidence is still pending. (In the present case, the witnesses were available to testify at the time of the military judge’s ruling.) Moreover, I do not share the majority's view that a military judge's case management is beyond review as a matter of jurisdiction. Thus, the only thing being eviscerated here, is this Court's jurisdiction to review the work of military judges.