UNITED STATES of America,
Appellee,

v.

Lee WEINBERG, Appellant.

UNITED STATES of America,
Appellee,

v.

David Alfred SCHEFFLER, Appellant.

UNITED STATES of America,
Appellee,

v.

Teri Ann VOLPIN, Appellant.

UNITED STATES of America,
Appellee,

v.

Karen DUNCAN, Appellant.

UNITED STATES of America,
Appellee,

v.

Pamela DONALDSON, Appellant.

No. 26903, Misc. Nos. 5484–5487.

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1970.

Concurring Opinion Jan. 11, 1971.

Jerald E. Olson, Asst. U. S. Atty.,
Seattle, Wash., for appellants.

Warren H. Ploeger, James E. Nelson,
J. Fred Simpson, Seattle, Wash., for ap-
pellee.

ORDER

Before HAMLEY and HUFSTED-
LER, Circuit Judges.

PER CURIAM.

The motions of the above-named ap-
pellants for admission to bail pending
disposition of their appeals from district
court orders adjudging them to be in civ-
il contempt of court for refusing to tes-
tify before a Federal Grand Jury pres-
ently convened in Tucson, Arizona, and
committing them to the custody of the
United States Marshal for the District
of Arizona for the life of the grand

jury sitting at Tucson, or until March 31, 1971, whichever occurs first, or until such time as they purge themselves of the contempt, is granted.

Each of the named appellants shall be immediately released on his or her own recognizance or, in the discretion of the district court, released into the custody of one of his or her attorneys, pending disposition of their appeals, Provided, that this order is subject to reconsideration upon request of the United States filed on or before January 4, 1971.

HAMLEY, Circuit Judge (concurring):

Two weeks after two judges of this court entered the bail order herein, a judge who did not act on the bail motion and had no responsibility for doing so, has filed a "dissenting" opinion.

I question whether he is entitled to do so and, while I disagree with most of what he says, it would probably serve no useful purpose to state why. Since the "dissenting" judge invokes the ghost of Christmas past in suggesting a subjective motivation for the bail order, I will let the afterglow of the Yuletide spirit forestall my inclination to respond point by point.

CHAMBERS, Circuit Judge (dissenting):

Five persons appearing before a grand jury of the United States District Court at Tucson were granted immunity from prosecution. Thereafter, each refused to testify. Seriatim, they were locked up in the jail: civil contempt.

Here is a table of the witnesses and events:

| | Date Refused to Testify | Date Ordered Committed | Specified Duration of Commitment | Judge in Tucson Ordering Commitment | Date Notice of Appeal Filed |
|---|---|---|---|---|---|
| Volpin | 11/ 3/70 | 11/ 3/70 | Life of Grand Jury [1] or 60 days or until purged | Craig | 12/18/70 |
| Scheffler | 11/18/70 11/19/70 | 11/19/70 | Life of Grand Jury [1] or until purged | Goodwin | 12/18/70 |
| Weinberg | 12/ 1/70 12/ 2/70 | 12/ 2/70 | Life of Grand Jury [1] or until purged | Powell | 12/18/70 |
| Duncan | 12/ 1/70 12/ 3/70 | 12/ 3/70 | Life of Grand Jury [1] or until purged | Powell | 12/18/70 |
| Donaldson | 12/ 3/70 | 12/ 3/70 | Life of Grand Jury [1] or until purged | Powell | 12/18/70 |

On December 21, 1970, the several recalcitrant witnesses moved in this court for bail pending appeal. Many of the supporting papers were partially incomplete copies of official papers in the clerk's office at Tucson.

The motion papers went out on December 22 to the members of the panel.

[1]. At the date of commitment, the Grand Jury was to expire on December 31, 1970. This was later extended to March 31, 1971.

Two members of the panel, acting alone, as they may under our established procedures,[2] proceeded on December 23, 1970, to grant release immediately as indicated in the foregoing order. Bail was not even required.

It should be pointed out that District Judges Craig, Powell and William Goodwin were given no opportunity by anyone to issue the certificates contemplated by Section 301(a) of the 1970 Organized Crime Control Act, P.L. 91–452, 84 Stat. 922 (new 18 U.S.C. § 1826 (b)).

And the United States Attorney for the District of Arizona was given no opportunity to respond before two judges acted within 24 hours after receiving the moving papers. I assume that it must have been thought that giving the United States Attorney until January 4, 1971, to move to set aside the order was a good substitute for notice to the United States Attorney. I think not.

It is true that in emergencies one or another judge here has acted without notice to a party's opponent to preserve the status quo, letting the opponent come in later and make his showing. Here the status quo, the parties in jail, was destroyed without the government having an opportunity to be heard. Now there is little chance of the old status quo being restored during the period of incarceration ordered.

To my knowledge, in the last fifteen years in this court there is no precedent for such precipitate action.

Whatever excuse there might be for the fast procedure, if the appellants had acted promptly in petitioning, surely it could not be found on December 23, 1970. After commitment, able counsel for the defiant witnesses waited 45, 29, 16, 15 and 15 days respectively to appear simultaneously in this court. Here they received "room service" within 48 hours.

Haste here was so great, once the witnesses petitioned, that Judges Craig, Powell and Goodwin, who made the orders, were not given any consideration to be permitted to make the determination under section 1826(b) mentioned above. One of our two judges who acted on December 23, acting alone as he may, has now supplied the deficiency. He has certified that the appeals present substantial questions. (On the point of substantiality, I shall not comment. I might be on the panel hearing the case on the merits.)

Could the explanation for the pell mell haste be that Christmas was only two days away? If so, I wonder under what headnote the West Publishing Company would put the case in the Federal Reporter.

If the foregoing be the explanation, thousands of other prisoners in the Ninth Circuit who would have liked to have gone home for Christmas have been denied equal protection.

The people, the public, to wit: the United States, should have had a longer opportunity to be heard after the filing of the applications for bail.

---

2. I do not complain that two judges acted alone. On motions here, two may act alone, if they are in agreement. But, as the third member of the panel, my right, ex post facto, to file a dissent, I believe, is equally clear, so I now dissent, futile as it is.