**In re Grand Jury Subpoenas served upon Edward KIEFABER, et al.**

**UNITED STATES of America, Appellant,**

v.

**94 LTD. and Cash Flo Realty, Appellees.**

No. 84–2135.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1985.

Decided Oct. 22, 1985.

Steven M. Levy, U.S. Dept. of Justice, Washington, D.C., Lamond R. Mills, U.S. Atty., Las Vegas, Nev., Joel M. Gershowitz, U.S. Dept. of Justice, Washington, D.C., for appellant.

Richard A. Wright, Wright, Shinehouse & Stewart, Las Vegas, Nev., for appellees.

Before MERRILL, TANG, and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

The government appeals from the district court's order quashing three grand jury subpoenas as a sanction for the government's disclosure of grand jury materials to local law enforcement agencies. Appellees Kiefaber and Cash Flo Realty challenge the timeliness of the government's appeal and argue that quashing the subpoenas was an appropriate remedy for the government's illegal disclosures. We conclude that we have jurisdiction over the government's appeal, and we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

Appellees Kiefaber and Cash Flo Realty are targets of a federal grand jury investigation into alleged violations of the mail fraud statute, 18 U.S.C. § 1341 (1982). On October 18, 1983, the grand jury subpoenaed various business and financial records from appellees. Each subpoena stated that, in lieu of personal appearances before the grand jury, the appellees could turn over requested documents to Special Agent William Warren of the Federal Bureau of Investigation, or to Carl Fruge, an investigator for the Las Vegas Metropolitan Police Department.

On October 31, 1983, counsel for appellees informed the assistant United States Attorney that he planned to file a motion to quash the three subpoenas because they authorized delivery of subpoenaed documents to local police officers and therefore were in violation of Rule 6 of the Federal Rules of Criminal Procedure. That same day, the government filed an ex parte motion in the district court for a Rule 6(e) disclosure order. The government did not inform the court that appellees challenged the validity of the subpoenas, nor did it satisfy the requirements of Rule 6(e) for disclosure of grand jury materials.[1]

Nevertheless, on November 1, 1983, the district court granted the disclosure order. Appellees, unaware of the order, then moved to quash the subpoenas on the grounds that they improperly authorized disclosure of the subpoenaed documents to a local police officer. The government filed an ex parte motion for leave to withdraw the challenged subpoenas which the district court granted. The court then denied appellees' motion to quash as moot.

In December, 1983, the grand jury issued three new subpoenas for the same records.

---

1. The government failed to demonstrate either a particularized need for disclosure or that disclosure would be preliminary to or in connection with a state judicial proceeding. *See* Fed.R. Crim.P. 6(e)(3)(C)(i); *United States v. Baggot,* 463 U.S. 476, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983); *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983).

These subpoenas authorized delivery to any special agent of the FBI in lieu of personal appearance before the grand jury, but did not allow delivery to local investigating officers. Appellees subsequently moved the district court for a protective order prohibiting the government from disclosing grand jury materials to state authorities and filed an ex parte motion for a stay of the grand jury proceeding pending a decision on their request for a protective order. The district court entered an order staying the grand jury proceedings.

In its motion opposing the protective order, filed January 5, 1984, the government revealed to appellees, for the first time, the existence of the Rule 6(e) disclosure order that the court had granted in November, and confirmed that pursuant to that order, it had been turning over federal grand jury materials to state law enforcement authorities.

In February, 1984, the district court held a hearing on appellees' motion for a protective order. In a pleading filed subsequent to the hearing, appellees requested an order quashing the subpoenas, rescinding the previously issued disclosure order, and requiring the government to retrieve records already disseminated to state officials. The government responded that if the subpoenas were enforced, there would be no further disclosures of grand jury information to state law enforcement officials.

On April 4, 1984, the district court entered an order quashing the subpoenas and vacating the prior disclosure order.[2] Twenty days later the government moved for reconsideration of the district court's order quashing the subpoenas. The motion to reconsider was denied on May 23, 1984. Notice of appeal was filed on June 18, 1984.

---

**2.** The government does not challenge the district court's decision to rescind the disclosure order, since, as noted above, it failed to satisfy the requirements of Rule 6(e) for such an order. *See* footnote 1.

**3.** The government's certification was not filed with the district court until May 15, 1985. However, failure to file the required certificate within thirty days of the district court's decree, while

## DISCUSSION

### A. *Jurisdiction*

Appellate jurisdiction in this case rests on 18 U.S.C. § 3731 (1982), which provides:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence ... in a criminal proceeding ....

*See In re Witnesses Before Special March 1980 Grand Jury*, 729 F.2d 489, 490 n. 3 (7th Cir.1984); *In re Grand Jury Empanelled March 19, 1980*, 680 F.2d 327, 329 (3d Cir.1982), *aff'd in part and rev'd in part on other grounds*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); *In re Grand Jury Subpoenas (Kent)*, 646 F.2d 963, 967 (5th Cir.1981); *In re Special September 1978 Grand Jury*, 640 F.2d 49, 55 (7th Cir.1980); *In re Grand Jury Empanelled (Colucci)*, 597 F.2d 851, 855–57 (3d Cir. 1979); *Nixon v. Sirica*, 487 F.2d 700, 721 n. 100 (D.C.Cir.1973).

Three requirements must be satisfied before the government may bring an appeal under section 3731: (1) the order must "suppress or exclude" evidence; (2) the evidence must be suppressed or excluded in a "criminal proceeding"; and (3) the United States Attorney must certify to the district court that "the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding."[3] *Colucci*, 597 F.2d at 855; 18 U.S.C. § 3731. The order from which the government has appealed in this case has the practical effect of excluding appellees' records from the grand jury's deliberations. Therefore, in light of the legislative direction to construe broadly the phrase "suppressing or excluding evidence,"[4] we conclude that the district

---

not regarded with favor, does not deprive this court of jurisdiction. *Meier v. Keller*, 521 F.2d 548, 553 (9th Cir.1975).

**4.** Congress has indicated that the phrase "suppressing or excluding evidence" should be read broadly, not narrowly. S.Rep. No. 1296, 91st Cong., 2d Sess. (1970), at 37. The Senate Report cited the D.C. Circuit's decision in *United States v. Greely*, 413 F.2d 1103 (D.C.Cir.1969), which

court's order quashing the grand jury subpoenas constitutes an order suppressing or excluding evidence. *See United States v. Humphries*, 636 F.2d 1172, 1175 (9th Cir. 1980) (to determine whether order is a decision "suppressing or excluding evidence" within meaning of section 3731, court should " 'focu[s] on the effect of the ruling sought to be appealed' ") (quoting *United States v. Martin Linen Supply Co.*, 534 F.2d 585, 587 n. 3 (5th Cir.1976), *aff'd*, 430 U.S. 564, 97 S.Ct. 1349, 57 L.Ed.2d 642 (1977)).

The second requirement of section 3731 is that the order suppress or exclude evidence "in a criminal proceeding." In *Bacon v. United States*, 449 F.2d 933, 939–40 (9th Cir.1971), this court held that a grand jury investigation is a "criminal proceeding" for purposes of 18 U.S.C. § 3149 and Fed.R.Crim.P. 46(b), which authorize detention of a witness with testimony material to a "criminal proceeding." Other courts to consider the status of grand jury proceedings in the context of section 3731 have held that they are "criminal proceedings." *See, e.g., Colucci*, 597 F.2d at 856–57; *United States v. Calandra*, 455 F.2d 750, 752 (6th Cir.1972).

■ The 1971 amendments to section 3731, which adopted the language "criminal proceeding" in place of language from the 1968 amendment that limited appeals to orders entered in "pretrial" proceedings, were intended to broaden the circumstances under which the government could appeal from orders excluding evidence. *Colucci*, 597 F.2d at 856–57. We agree with the Sixth Circuit that "the legislative intent was to allow the government to appeal from any order of the district court suppressing evidence ... except those orders made during trial ... on an indictment or information." *Calandra*, 455 F.2d at 752. Grand jury proceedings are thus criminal proceedings for purposes of section 3731.

■ This court therefore has appellate jurisdiction under section 3731, which ex-

pressly provides the government with thirty days to appeal the district court's order. The government's motion for reconsideration, which was filed within that thirty-day period, is thus timely. *United States v. Dieter*, 429 U.S. 6, 7–9, 97 S.Ct. 18, 19, 20, 50 L.Ed.2d 8 (1976); *United States v. Healy*, 376 U.S. 75, 78, 84 S.Ct. 553, 555–56, 11 L.Ed.2d 527 (1963). The government's subsequent notice of appeal, which was filed within thirty days of the district court's denial of its motion for reconsideration, was therefore also timely. *See Dieter*, 429 U.S. at 7–9, 97 S.Ct. at 19, 20; *United States v. Jones*, 608 F.2d 386, 389–90 (1979).

Appellees contend that *In re Grand Jury Proceedings (Manges)*, 745 F.2d 1250 (9th Cir.1984), compels a different result. In *Manges*, we stated that:

> We have on prior occasions treated appeals from orders concerning grand jury subpoenas as civil actions subject to the provisions of Fed.R.App.P. 4(a). We have done so only implicitly. We now make explicit the rule that such appeals are governed by the 30–or 60–day notice requirement of Fed.R.App.P. 4(a).

745 F.2d at 1251 (citations omitted).

However, *Manges* involved an appeal by a *private* individual from an order *refusing* to quash a subpoena directed at a third party. Indeed, all the cases we relied upon in *Manges* involved appeals by *private* litigants whom district judges had ordered to testify before grand juries. *See, e.g., United States v. Weinberg*, 436 F.2d 416 (9th Cir.1970). Accordingly, this court's jurisdiction in *Manges* rested exclusively on 28 U.S.C. § 1291, and jurisdiction was not available under 18 U.S.C. § 3731.

In contrast, this case involves an appeal by the *United States* from an order granting a motion to suppress or exclude evidence in a criminal proceeding—the grand jury proceedings against the appellees. Thus, even though under *Manges*, the pro-

held that refusal to reopen a suppression hearing was not an "order, granting ... a motion to suppress evidence" under an earlier version of

§ 3731, as an example of excessively narrow construction.

ceeding to quash the grand jury subpoenas may be characterized as "civil" in nature, the requirements for appellate jurisdiction under 18 U.S.C. § 3731 are still satisfied in this case. Section 3731, a specific statutory provision, provides this court with jurisdiction over the government's appeal and is controlling. Its thirty-day periods for filing motions for reconsideration and notices of appeal apply. We therefore conclude that the government's motion for reconsideration and notice of appeal were timely, and that we have jurisdiction over the government's appeal.

### B. *Standard of Review*

■ The district court's exercise of its supervisory power to quash the grand jury subpoenas in this case must be reviewed for abuse of discretion. *United States v. Berberian*, 767 F.2d 1324 (9th Cir.1985); accord *In re Grand Jury Matters*, 751 F.2d 13, 16 (1st Cir.1984); *Margoles v. United States*, 402 F.2d 450, 451–52 (7th Cir.1968).

### C. *Order to Quash Grand Jury Subpoenas*

■ A federal grand jury has the right and duty to procure every man's evidence, *United States v. Dionisio*, 410 U.S. 1, 9–10, 93 S.Ct. 764, 769–70, 35 L.Ed.2d 67 (1973), and its investigative powers are necessarily broad. *Branzburg v. Hayes*, 408 U.S. 665, 668, 92 S.Ct. 2646, 2650, 33 L.Ed.2d 626 (1972). A district court may exercise its supervisory power over grand jury proceedings only where necessary to deter official misconduct and protect judicial integrity. *United States v. McClintock*, 748 F.2d 1278, 1285 (9th Cir.1984).

■ In deciding whether the district court abused its discretion in invoking its supervisory power to quash the grand jury subpoenas, we consider three factors: (1) the egregiousness of the government misconduct, (2) whether there is a pattern of past misconduct by the particular government official; and (3) the effectiveness of available alternative sanctions. *Cf. United States v. McClintock*, 748 F.2d at 1284–85

(same three factors considered when deciding whether to exercise supervisory power to dismiss indictment); *United States v. Sears, Roebuck & Co.*, 719 F.2d 1386, 1395 (9th Cir.1983) (Norris, J., dissenting) (same).

■ The government misconduct in this case was sufficiently egregious to warrant the district court's exercise of its supervisory power. The government made a concerted effort to circumvent the requirements of Rule 6(e), to conceal its violations of that rule from the appellees, and to prevent the appellees from voicing their objections to the district court. When appellees first notified the government that they objected to the subpoenas directing them to turn over their materials to either federal or local law enforcement agents, on the grounds that disclosure of those materials to local officials would violate Rule 6(e), the government sidestepped confrontation on this issue by moving ex parte in the district court for a Rule 6(e) disclosure order. In doing so, it failed to notify the district court of appellees' objections to such disclosure, and also failed to satisfy the requirements of Rule 6(e).

Once the government procured the disclosure order ex parte, it withdrew the offending subpoenas and replaced them with three new subpoenas, cleansed of facial invalidity. The combined effect of the disclosure order and the new subpoenas was to allow the government to accomplish exactly what the appellees had objected to, except that the fact that unlawful disclosures were occurring was concealed from the appellees, and thus protected from their challenge.

When finally confronted with its Rule 6 violations by the district court, the government refused to acknowledge that its disclosures to local authorities were improper. Moreover, the government attempted to condition its agreement to make no further disclosures to local officials on the district court's granting of its motion to compel production of the subpoenaed materials.

The government's conduct abused the grand jury process and threatened the integrity of the judicial process. It was sufficiently egregious to justify the district court's exercise of its supervisory power.

The district court's view that drastic sanctions were needed to deter future official misconduct was reasonable under the circumstances of this case. The district court was understandably disturbed by the government's refusal to acknowledge that Rule 6(e) prohibited it from making wholesale disclosure of grand jury materials to local authorities. The danger of future violations was not minimized by the government's extremely limited concession that it would make no further disclosures of grand jury information in this case if its motion to compel production was granted. We conclude that no sanction, short of stopping the flow of information to the grand jury altogether, would have brought the government to the realization that its conduct in this action was unacceptable, and would deter the government in future cases from making disclosures of grand jury materials to state authorities in violation of Rule 6(e).

Quashing grand jury subpoenas is not the appropriate sanction for all instances of prosecutorial misconduct in the grand jury context. *See In re Antitrust Grand Jury Investigation,* 714 F.2d 347 (4th Cir. 1983). This remedy interferes with the grand jury process in such a fundamental way that it must be reserved for cases where the powers of the grand jury have been flagrantly abused. *See United States v. Dionisio,* 410 U.S. at 16–18, 93 S.Ct. at 772–73 (courts should not intervene in grand jury process absent compelling reason). The government's conduct in this case was egregious enough, and the effectiveness of alternative sanctions questionable enough, that we cannot conclude that the district court abused its discretion when it chose that remedy. Accordingly, the district court's order is AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.