**Patrick P. LEE and Richard J. Ryan, as Trustees of Moog Controls, Inc. Retirement Plan, Plaintiffs,**

v.

**MANUFACTURERS & TRADERS TRUST CO., Defendant.**

**No. 01–CV–6476L.**

United States District Court, W.D. New York.

Jan. 6, 2004.

Paul K. Stecker, Phillips Lytle LLP, Buffalo, NY, for plaintiffs.

Beryl Nussbaum, Greta Katrin Kolcon, Woods Oviatt Gilman LLP, Rochester, NY, for defendant.

### DECISION AND ORDER

LARIMER, District Judge.

In its answer to the complaint, defendant, Manufacturers & Traders Trust Co. ("M & T Bank"), asserted several counterclaims against the plaintiffs, Patrick P. Lee and Richard J. Ryan (hereinafter sometimes "Trustees"), trustees of the Moog Controls, Inc. Retirement Plan ("the Plan"). The Trustees now move for partial summary judgment dismissing the counterclaims.

The Trustees' motion is granted and the counterclaims are dismissed. It appears that the pleaded counterclaims are asserted against the wrong party. The Trustees commenced this action as representatives of the Plan. It is the Plan, therefore, not the Trustees individually, that seeks relief and recovery from M & T Bank for the alleged breach of the bank's fiduciary obligations.

The so-called counterclaims seek contribution and indemnity, not against the Plan itself, but against the individual Trustees for the alleged breach of their own fiduciary obligations. *See Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 16 (2d Cir.1991), *cert. denied*, 505 U.S. 1212, 112 S.Ct. 3014 (1992). The proper mechanism to seek such relief is by way of a third-party complaint against the Trustees individually. If I were writing on a *tabula rasa*, it would be a simple matter to allow M & T Bank leave to file a third-party complaint to properly position the parties. But, M & T Bank previously moved (Dkt. # 20) to do just that—file a third-party complaint against the Trustees, and another, John Burgess. United States Magistrate Judge Jonathan W. Feldman denied the motion on December 18, 2002 (Dkt. # 20), on the stated grounds that it was untimely. There was no appeal from that order.

Generally, that would end the matter. It appears, however, that both the Trustees and M & T Bank relied, in part, on the assumption that the proposed third-party complaint was essentially duplicative of the existing counterclaims. *See, e.g.*, Letter from Greta K. Kolcon, attorney for M & T Bank, dated December 16, 2002. I see the matter differently and believe that a third-party complaint is the only vehicle for seeking relief against the Trustees in their individual capacity for any alleged breach of their fiduciary responsibilities.

This Court has broad discretion to allow the filing of a third-party complaint under Federal Rules of Civil Procedure 14 at any time after commencement of the action. *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2dCir.1984); *Quijano v. AMR Services Corp.*, No. 9196, 1998 WL 252110, at *1, 1998 U.S. Dist. LEXIS 7210, at *2 (S.D.N.Y. May 19, 1998).

Under the circumstances in this case, I dismiss the counterclaims on the grounds that they are asserted against the wrong party, and grant M & T Bank leave to file a third-party complaint against the Trustees in their individual capacities, within ten (10) days after entry of this order.

There are two other matters that must be attended to: (1) whether the third-party complaint should be disallowed as futile; and (2) whether a conflict exists that precludes the Plan's counsel, Phillips, Lytle, Hitchcock, Blaine & Huber, from representing both the Plan as plaintiff and the Trustees, Lee and

Ryan, in their individual capacity as third-party defendants.

On the first point, I find that M & T Bank can assert a third-party claim (assuming a proper pleading) against the Trustees for contribution and indemnity. Whether M & T Bank can convince the factfinder that the Trustees' alleged defalcations caused the Plan's loss or contributed to it, is a matter of proof and cannot be decided as a matter of law. Discovery has been completed, and I am unable to find that there is no evidence whatsoever to support M & T Bank's claim that the plaintiff Trustees failed to live up to their responsibilities as fiduciaries. *See, e.g., Toussaint v. James,* No. 01 Civ. 10048, 2003 WL 21738974, at *2, 2003 U.S. Dist. LEXIS 12940, at *11 (S.D.N.Y. July 25, 2003).

Concerning the conflict-of-interest matter, there may be a potential conflict but in the posture of this case, I see no reason why the affected parties could not proceed with joint counsel. As long as the parties are apprised of the risks, I see no basis now for me to block their choice of counsel. *See* DR 5-105(c); *United States v. Camisa,* 969 F.2d 1428, 1430 (2d Cir.1992); *In re Taylor,* 567 F.2d 1183, 1191 (2d Cir.1977).

The Court's obligation is to advise and ascertain if the affected parties wish to proceed with joint counsel. To that end, I direct counsel for the Trustees and the Trustees themselves, Patrick P. Lee and Richard J. Ryan, as well as the "independent Trustee" that has apparently been appointed for this action, to appear before the Court, in person, on the January 21, 2004 at 10:00 a.m. for the Court to conduct the required inquiry into the joint representation.

## CONCLUSION

Plaintiffs' motion for partial summary judgment (Dkt. # 28) is granted and the counterclaims asserted in the answer are dismissed.

Defendant, Manufacturers and Traders Trust Company, is granted leave to file a third-party complaint against Trustees Patrick P. Lee and Richard J. Ryan, within ten (10) days of entry of this order. The order of United States Magistrate Judge Jonathan W.

Feldman (Dkt. # 26) denying Manufacturers and Traders Trust Company leave to file a third-party complaint is vacated.

The plaintiff Trustees, the independent Trustee and counsel for plaintiffs, are directed to appear before the Court on **January 21, 2004 at 10:00 a.m.** for inquiry concerning issues relating to joint representation.

IT IS SO ORDERED.