Geoffrey S. RUBIN, as Trustee of the
Southern Tier News Company
Pension Plan, Plaintiff,

v.

VALICENTI ADVISORY SERVICES,
INC., et al., Defendants.

No. 03–CV–6201L.

United States District Court,
W.D. New York.

July 19, 2004.

Donald W. O'Brien, Greta Katrin Kolcon, Woods, Oviatt, Gilman, LLP, Rochester, NY, for Plaintiff and Counter Defendant.

Steven E. Cole, Wolford & Leclair LLP, Rochester, NY, for Defendant and Counter Claimant.

*DECISION AND ORDER*

LARIMER, District Judge.

Plaintiff, Geoffrey Rubin, as trustee of the Southern Tier News Company Pension Plan ("Plan"), has brought an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.*, against the former investment manager of the Plan, Valicenti Advisory Services ("VAS"), and its president,

Vincent Valicenti, to recover losses the Plan allegedly suffered as the result of VAS's imprudent investments. Defendants have asserted counterclaims against Rubin for contribution and indemnity, alleging that the losses were caused by the breach of his own fiduciary duties. *See* Docket # 18 Ex. A.

Plaintiff moves to dismiss the counterclaims. Defendants have cross-moved for leave to redesignate and amend their answer to reassert these claims as third-party claims against Rubin.

Both motions are granted. The so-called counterclaims seek contribution and indemnity, not against the Plan itself, but against Rubin, the trustee, for his alleged breach of his own fiduciary obligations. *See Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 16 (2d Cir. 1991), *cert. denied,* 505 U.S. 1212, 112 S.Ct. 3014, 120 L.Ed.2d 887 (1992). The proper mechanism to seek such relief is by way of a third-party complaint against Rubin individually. *Lee v. Manufacturers & Traders Trust Co.,* 219 F.R.D. 265, 266 (W.D.N.Y. 2004).

■ Plaintiff also contends that the Court should deny defendants' motion for leave to amend on the ground that the proposed amendment would be futile. Rule 15(a) of the Federal Rules of Civil Procedure, however, provides that leave to amend a pleading "shall be freely given when justice so requires." "Parties are generally allowed to amend their pleadings absent bad faith or prejudice." *Commander Oil Corp. v. Barlo Equip. Corp.,* 215 F.3d 321, 333 (2d Cir.), *cert. denied,* 531 U.S. 979, 121 S.Ct. 427, 148 L.Ed.2d 436 (2000).

It is true that leave may be denied where the amendment would be futile. *See Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("where . . . there is no merit in the proposed amendments,

leave to amend should be denied"). I am not convinced, however, that the proposed third-party claims are so patently meritless that leave to amend should be denied.

In support of his position, plaintiff principally relies upon 29 U.S.C. § 1105(d)(1), which generally insulates trustees from liability for acts or omissions of investment managers. That does not mean, however, that a trustee can *never* be liable to an investment manager for contribution or indemnity where the trustee's *own* actions were the cause of some or all of the loss at issue. *See* 29 U.S.C. § 1105(d)(2) ("Nothing in this subsection shall relieve any trustee of any liability under this part for any act of such trustee").

Here, defendants have alleged that Rubin withheld and misrepresented material information about the Plan, that he personally directed many of the trades that he now claims were imprudent, and that he prevented defendants from exercising any investment discretion. Given the fact that this case is still in its early stages, the Court cannot say as a matter of law that under no set of facts consistent with those allegations could defendants be entitled to contribution or indemnity from Rubin for any losses suffered by the Plan. *See Lee,* 219 F.R.D. at 267 ("Whether [defendant/third-party plaintiff] can convince the factfinder that the [plaintiff] Trustees' alleged defalcations caused the Plan's loss or contributed to it, is a matter of proof and cannot be decided as a matter of law").

■ Plaintiff also contends that the amendment would be futile because former fiduciaries lack standing to sue under ERISA. The Second Circuit made clear in *Chemung Canal Trust,* however, that former fiduciaries have a right under federal common law to seek equitable distribution of the Plan's alleged losses among those responsible for those losses. 939 F.2d at

15–16. *See also Lee,* 219 F.R.D. 265 (allowing third-party claims against trustees by former fiduciary).

Plaintiff also contends that defendants' claims against Rubin are subject to mandatory arbitration under a brokerage services agreement. *See* Ex. to Docket # 23. I am not persuaded by this contention. It appears from that agreement that it requires arbitration only as to disputes between the Plan and Charles Schwab & Co., the Plan's custodian of assets. Defendants are not a signatory to that agreement. *Id.*[1]

## CONCLUSION

Plaintiff's motion to dismiss defendants' counterclaims (Docket # 12) is granted. Defendants' motion for leave to amend the answer to assert third-party claims against Geoffrey S. Rubin (Docket # 17) is granted. Defendants are directed to file an amended answer within fourteen (14) days of the date of issuance of this Decision and Order.

IT IS SO ORDERED.

---

1. Defendants did indicate that they had "received and acknowledged" the agreement, *see* Ex. to Docket # 23 at 17, but there is no indication that they signed as a party to the agreement. At any rate, it is clear from the language of the arbitration clause that it does not apply to disputes between the Plan and VAS.