RYAN, Judge,
with whom ERDMANN, Judge,
joins (dissenting):
I agree that Appellant has standing to litigate the Government’s appeal of the military judge’s ruling quashing a third-party subpoena. United States v. Wuterich, 67 M.J. 63, 69-70 (C.A.A.F.2008). However, because the Government’s appeal in this case is an appeal of the military judge’s ruling on a discovery motion' — a ruling that expressly noted that the object of the discovery could be admissible[1] — and not “[a]n order or ruling which excludes evidence,” I disagree that the United States Navy-Marine Corps Court of Criminal Appeals (CCA) had jurisdiction under Article 62 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2000), to hear the Government’s appeal. That the CCA had no jurisdiction under the facts of this case is supported both by the precedent of this Court and the precedent of the United States Court of Appeals for the First Circuit. See United States v. Browers, 20 M.J. 356, 360 (C.M.A.1985) (defining “exclusion” as used in Article 62(a)(1)(B), UCMJ, as a ruling involving inadmissibility); United States v. Watson, 386 F.3d 304, 310 (1st Cir.2004) (“[The Criminal Appeals Act] unarguably restricts government appeals to specific categories of district court orders. If an order falls outside those categories, the government’s attempted appeal must be dismissed.”) (citation omitted).
A. Statutory authorization for a government appeal
In criminal cases, prosecution appeals are not favored and are available only upon specific statutory authorization. See United States v. Wilson, 420 U.S. 332, 336, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); 7 Wayne R. LaFave et al., Criminal Procedure § 27.3(a)-(b) (3d ed.2007). Specifically relevant to this case, Article 62(a)(1)(B), UCMJ, grants the Government the authority to appeal “[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding.” Article 62(b), UCMJ, grants the CCA the jurisdiction to hear those appeals.
B. “Order or ruling which excludes evidence”
This Court previously adopted a narrow construction of the language in Article 62, UCMJ, permitting the government to appeal from an order or ruling “which excludes evidence that is substantial proof of a fact material in the proceeding.” Browers, 20 M.J. at 359-60. In Browers, the Court differentiated appealable decisions from unappealable ones by asking whether the military judge made a ruling involving the admissibility of the evidence. Writing for the Court, former Chief Judge Everett defined “excludes evidence” to mean “a ruling made at or before trial that certain testimony, documentary evidence, or real evidence is inadmissible.” Id. at 360 (emphasis added). The Court acknowledged that this interpretation might result in a party being deprived of critical evidence, but expressed confidence in the “ability of military judges to make these delicate determinations.” Id.
Inexplicably, the majority dismisses former Chief Judge Everett’s definition in Browers, a decision of this Court, as mere “observations.” Wuterich, 67 M.J. at 73-74. If the current majority has a different take on what the definition of “excludes” should be, as it is entitled to have, it should say so and explicitly overrule Browers rather than mischaracterize a holding of this Court.[2]
*81 The majority suggests that Browers “concluded that the order was not appealable because it involved the question of trial scheduling, not the exclusion of evidence.” Wuterich, 67 M.J. at 73. Browers made no such conclusion, as the Court’s language plainly demonstrates. Browers explicitly states that “the issue is whether denial of a continuance requested so that the Government may produce a material witness constitutes the exclusion of evidence.” Browers, 20 M.J. at 360 (emphasis in original). The Browers Court concluded that the denial of a continuance was not an appealable ruling because it was not an order that “excludes evidence” despite the fact that the ruling prevented the government from presenting two material witnesses. The scheduling ruling in Browers, like the discovery ruling in this case, deprived the government of evidence, but did not “exclude” evidence for purposes of Article 62, UCMJ.
If any doubt remained as to the Court’s intentions in Broivers, former Chief Judge Everett later repeated the definition of “excludes evidence” as a ruling that “evidence is inadmissible,” and stated that, in Browers, this Court “adopted a narrow construction of the statutory language.” United States v. True, 28 M.J. 1, 5 (C.M.A.1989) (Everett, C.J., dissenting) (citing Browers, 20 M.J. at 360).[3]
One would think that Browers ends the inquiry as to the meaning of Article 62(a)(1)(B), UCMJ. This Court concluded that “excludes” was a term of art relating to admissibility of evidence and saw “no reason to believe that Congress had any different intention in drafting Article 62(a)(1).” Brow-ers, 20 M.J. at 360. This narrow view is consistent with the Supreme Court’s instruction that the government could only take an appeal in a criminal case if it had express statutory authority, Wilson, 420 U.S. at 336, 96 S.Ct. 1013, and its policy against piecemeal appeals in criminal cases, “where the defendant is entitled to a speedy resolution of the charges against him.” Will v. United States, 389 U.S. 90, 96, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); see also U.S. Const. amend. VI (“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial....”).
But despite Browers, the majority looks to the parallel federal statute, 18 U.S.C. § 3731, in search of a different definition of “an order or ruling which excludes evidence” as specified by Article 62, UCMJ. The majority states that it agrees with the First Circuit’s approach that defines rulings excluding evidence under § 3731 as ones that “ ‘either in substance or in form, limit the pool of potential evidence that would be admissible.’ ” Wuterich, 67 M.J. at 74 (quoting Watson, 386 F.3d at 313). I do not believe, however, that the precedent of the First Circuit supports the Court’s holding today.
The First Circuit, noting Congress’s instruction that § 3731 should be construed liberally, concludes only that “the second paragraph of section 3731, in its present form, covers all pretrial orders that deny admissibility to virtually any evidence on virtually any ground.” Watson, 386 F.3d at 309 (emphasis added). In Watson, a case *82 with a fact pattern similar to that of Browers, the government attempted to appeal from a trial judge’s denial of a government motion requesting a continuance. Without the continuance, the government could not depose a key witness and would be forced to prosecute Watson without the benefit of the witness’s testimony. Id. at 307. The First Circuit held that it had no jurisdiction under § 3731 to hear the government’s appeal because the trial court was not engaged in making an evidentiary ruling. Id. at 311. The court rejected the government’s argument that the trial court’s rulings were a but-for cause of the government’s inability to gather or present evidence at trial. Id. The court explicitly distinguished between available and admissible evidence, stating that “[although the orders appealed from will certainly hamper (and may effectively prevent) the obtaining and subsequent use of [the witness’s] testimony, those orders did not, either in substance or in form, limit the pool of potential evidence that would be admissible at the forthcoming trial.” Id. at 313 (emphasis added). For the First Circuit, admissibility, rather than availability, is the critical factor in determining when the government may appeal an order under § 3731. As in Brow-ers, even though the trial court’s ruling would “certainly hamper (and may effectively prevent) the obtaining and subsequent use” of a witness’s testimony, the First Circuit still held that the ruling did not exclude evidence. Id. The First Circuit’s approach is consistent with this Court’s position in Browers, and different than today’s decision, which implies that any decision that limits the pool of available evidence would be ap-pealable under Article 62, UCMJ.
The majority’s decision is also contrary to the approach favored by the other federal courts of appeals, which reject the argument that any trial court order or ruling that hampers or effectively prevents the obtaining or use of evidence is appealable by the government under § 3731. See, e.g., United States v. Hickey, 185 F.3d 1064, 1066-67 (9th Cir.1999) (finding no jurisdiction to hear appeal from order denying government’s request to unseal defendant’s financial affidavits); United States v. Camisa, 969 F.2d 1428, 1429 (2d Cir.1992) (finding no jurisdiction to hear appeal from order denying government’s request to disqualify defendant’s counsel which possibly rendered a witness’s testimony inadmissible). As the First Circuit stated, “[wjhatever incidental effect those orders may have on evidentiary matters, they are simply not the proximate cause of the exclusion of any evidence.” Watson, 386 F.3d at 312.
C. The majority’s rule is not supported by the decisions of the federal courts of appeals
The majority suggests that its approach, in the context of the facts of this case, is consistent with the approach of other federal circuits. See Wuterich, 67 M.J. at 72-73 (“The courts of appeals have addressed the meaning of the term ‘excluding evidence’ under 18 U.S.C. § 3731 and have concluded that the term includes an order quashing a subpoena.”). I disagree. In fairness, the federal courts of appeals have at times permitted appeals under 18 U.S.C. § 3731 in cases involving the quashing of subpoenas in the context of grand jury investigations. See, e.g., In re Grand Jury Subpoenas (Kiefaber), 774 F.2d 969, 972-73 (9th Cir.1985), vacated on other grounds, 823 F.2d 383 (9th Cir.1987); In re Grand Jury Empanelled (Colucci), 597 F.2d 851, 856 (3d Cir.1979). But each of those cases relied on the precise language — “[t]he provisions of this section shall be liberally construed to effectuate its purposes” — in § 3731 that is not present in Article 62, UCMJ. See Kiefaber, 774 F.2d at 972-73 (“Therefore, in light of the legislative direction to construe broadly the phrase ‘suppressing or excluding evidence,’ we conclude that the district court’s order quashing the grand jury subpoenas constitutes an order suppressing or excluding evidence.”) (footnote omitted); Colucci, 597 F.2d at 856 (“In light of this legislative direction to construe broadly the government’s right of appeal, this Court has held that orders which do not, ‘strictly speaking,’ suppress evidence but which have the ‘practical effect’ of excluding evidence from a proceeding, are within the ambit of [section] 3731.”). Yet this is the *83 very language upon which the majority claims not to rely in construing Article 62, UCMJ. Wuterich, 67 M.J. at 72 (“[I]t would be inappropriate to apply the liberal construction mandate of section 3731 when interpreting Article 62, UCMJ.”). And, of course, at the pre-indictment grand jury stage an individual is a target, not a defendant, so there is not yet any Sixth Amendment speedy trial concern. See United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (“[The Sixth Amendment] would seem to afford no protection to those not yet accused, nor would [it] seem to require the Government to discover, investigate, and accuse any person within any particular period of time.”).
D. The majority’s holding is overly broad
The problems with the majority’s new position are twofold. First, it highlights that Browers is being overruled sub silentio. The military judge’s ruling at issue in Browers clearly limited the pool of evidence that was available to the government to proffer at trial by preventing the government from presenting two material witnesses, yet this Court held that the ruling did not exclude evidence for the purposes of Article 62, UCMJ. One cannot reconcile today’s holding with the precedent of this Court in Browers.
This highlights the second problem with the majority’s position. Although the majority expressly states that a liberal construction of Article 62, UCMJ, is not warranted, its holding is extraordinarily broad. See Wute-rich, 67 M.J. at 71-72 (stating that because Article 62, UCMJ, contains no language on statutory interpretation, it would be inappropriate to apply § 3731’s liberal construction mandate when interpreting Article 62). If one accepts that any order or ruling that limits the pool of evidence that is available to the government is appealable under Article 62(a)(2)(B), then any ruling by a military judge that impacts the availability, as opposed to the admissibility, of evidence would be a proper subject of a government appeal. Under the majority’s new rule there is no principled way to distinguish among: garden-variety scheduling orders, such as those at issue in Browers, which hindered the government’s ability to offer a witness’s testimony; discovery rulings of any sort that go against the government; and actual rulings on the admissibility of evidence.
The majority relies heavily on the fact that Browers and Watson considered what it characterizes as case-management orders to distinguish the holdings in those cases from the majority’s broad interpretation of § 3731 and Article 62, UCMJ. See Wuterich, 667 M.J. at 72-74. Presumably, the majority believes that trial scheduling orders may “limit the pool of potential evidence” without qualifying under Article 62, UCMJ, solely because trial scheduling falls within the sound discretion of the trial judge. Of course, neither case rested on that fact. Moreover, discovery rulings, as the one in the instant case undoubtedly is, may “limit the pool of potential evidence” and are also within the sound discretion of the trial court. See, e.g., Diamond Ventures, LLC v. Barreto, 452 F.3d 892, 898 (D.C.Cir.2006) (“[T]he district court has wide discretion in managing discovery.”); Faigin v. Kelly, 184 F.3d 67, 84 (1st Cir.1999) (“A district court’s ease-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes.”); Trepel v. Roadway Express, Inc., 194 F.3d 708, 716 (6th Cir.1999) (“Matters of discovery are in the sound discretion of the district court.”). Both types of decisions being within the discretion of a trial court and potentially or actually limiting the pool of potential evidence, the only distinction available appears based on ad hoc decisions by this Court. This is a less-than-workable legal standard.
E. Admissibility is the touchstone
A military judge’s ruling quashing a subpoena duces tecum is a discovery ruling, which may impact the availability of evidence, but it neither denies the admissibility of the evidence nor excludes it. This distinction is an important one that should make a difference based on the explicit language of Article 62(a)(1)(B), UCMJ. Courts faced with a motion to quash a subpoena duces tecum in a criminal case consider more than admissibility — they balance the general pub- *84 lie’s duty to testify, Branzburg v. Hayes, 408 U.S. 665, 688, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), against other interests, such as the burden placed on the recipient of the subpoena, see United States v. Nixon, 418 U.S. 683, 698, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), and the explicitly stated goal of expediting the defendant’s trial. See id. The balancing is contextual and uses a four-factor test articulated by Judge Weinfeld of the United States District Court for the Southern District of New York and adopted by the Supreme Court in Nixon, 418 U.S. at 699-700, 94 S.Ct. 3090 (citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y.1952)).[4] The Weinfeld factors are important because they illustrate the difference between discovery rulings and evidentiary orders, a difference the majority ignores.
Under the Weinfeld test, the moving party cannot require production of documents prior to trial unless that party shows:
(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general “fishing expedition.”

Id.

It may be that a court quashes a subpoena based on the first Weinfeld factor — lack of relevancy. If so, this would be a ruling on the admissibility of evidence and fall within Browers and Watson, even if styled a discovery order by the trial judge. In contrast, the other three Weinfeld factors do not weigh or consider whether the evidence is admissible. Rather, the second factor considers the burden placed on the party receiving the subpoena, the third factor considers the potential impact on the defendant’s right to a speedy trial, and the fourth factor protects parties from unwarranted requests. These factors address equitable considerations that protect the rights of third parties and the defendant, not evidentiary concerns.
As the United States Court of Appeals for the District of Columbia Circuit stated in a case involving a government appeal, an order regarding a subpoena in no way finally decides that any of the subpoenaed material must be denied to the jury and “cannot be deemed an order ‘suppressing or excluding evidence,’ or otherwise within the contemplation of the Criminal Appeal Act, 18 U.S.C. § 3731.” Nixon v. Sirica, 487 F.2d 700, 707 n. 23 (D.C.Cir.1973). Denials of discovery requests may ultimately make evidence unavailable, but not all such denials are — or should be — appealable under Article 62, UCMJ, because they usually do not address the admissibility of the evidence.
F. No ruling that evidence is inadmissible in this case
In this ease the ruling of the military judge did not exclude evidence in any evidentiary sense, although the ruling may have, or even will have, the effect of making the evidence unavailable. The military judge not only refrained from ruling that the subpoenaed tapes were inadmissible, he opined that they likely were. Transcript of Record at 87, Wuterich (Article 39(a), UCMJ, session) (“[T]he court clearly finds that this could be admissible into the evidence as statements of the accused under Military Rule of Evidence 801(d).”). In his words, the order was a “discovery denial.” Transcript of Record at 93, Wuterich (Article 39(a), UCMJ, session). Although the military judge’s ruling “will certainly hamper (and may effectively prevent) the obtaining and use” of the outtakes by the Government, the ruling “did not, either in substance or in form, limit the pool of potential evidence that would be admissible at the forthcoming trial.” Watson, 386 F.3d at 313 (emphasis added).
As CBS acknowledged at oral argument, if the Government obtains possession of the outtakes, nothing in the military judge’s or *85 der would prevent the Government from proffering the outtakes as evidence. Transcript of Oral Argument at 00:35:25, Wuterich, Nos. 08-6006, 08-8020, 08-8021. This is because it was not an order “which excludes evidence.” The majority ignores this salient fact, and focuses instead on a straw man — the possibility that the Government could obtain the outtakes through negotiation or other means, a possibility it then dismisses. Wuterich, 67 M.J. at 75-76.
Of course this goes to availability, not admissibility, and is not relevant for purposes of Article 62(b), UCMJ. Further, I note that CBS attempted to work with the Government by providing the 60 Minutes broadcast, offering to authenticate it, and requesting materials from the Government to help determine whether the outtakes were indeed cumulative. In response, the Government refused either to accept the broadcast or to provide CBS with the requested materials. CBS Broadcasting Inc.’s Petition for a Writ of Prohibition and/or Mandamus at 3-4, 5 n. 3, United States v. Wuterich, No. 08-8020 (C.A.A.F. July 10, 2008); Transcript of Oral Argument at 00:27:54, Wuterich, Nos. 08-6006, 08-8020, 08-8021. Given the fluid nature of third-party discovery in practice, there is no basis for concluding that absence of progress in light of the Government’s lack of cooperation is evidence of the futility of negotiations.
G. Appellant’s trial
The previous construction of Article 62, UCMJ, by this Court in Browers was narrow, consistent with the precept that government appeals are disfavored and only permitted where expressly authorized by statute, and consonant with the policy against piecemeal appeals in criminal cases, “where the defendant is entitled to a speedy resolution of the charges against him.” Will, 389 U.S. at 96, 88 S.Ct. 269; see also U.S. Const. amend. VI (“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ....”); Watson, 386 F.3d at 310 (“Section 3731 was ‘carefully circumscribed by Congress out of a desire (among other reasons) to safeguard individuals from the special hazards inherent in prolonged litigation with the sovereign.’”) (quoting United States v. McVeigh, 106 F.3d 325, 330 (10th Cir.1997)); United States v. Kane, 646 F.2d 4, 7 (1st Cir.1981) (cautioning that if interlocutory orders related to discovery and other preliminary matters were appealable under the second paragraph of section 3731, “defendants’ rights to a speedy trial could be subverted”).
As this case demonstrates, these principles, and the impact of expansive jurisdiction under Article 62, UCMJ, are of more than academic concern. This is especially true in the military justice system, where defendants’ detailed military counsels are subject to reassignment and retirement. Appellant’s trial was automatically stayed under R.C.M. 908 in February 2008 by the Government’s interlocutory appeal of the military judge’s granting of a motion to quash a third-party subpoena. See R.C.M. 908(b)(4) (providing an automatic stay of a court-martial pending disposition by the CCA of an interlocutory government appeal).[5] During that period Appellant lost the representation of both of his detailed military counsel due to retirement. Appellant’s Reply at 1, United States v. Wuterich, No. 08-6006 (C.A.A.F. Sept. 2, 2008); Transcript of Oral Argument at 00:46:41, Wuterich, Nos. 08-6006, 08-8020, 08-8021. The Government concedes that these losses may prejudice Appellant’s defense. Transcript of Oral Argument at 00:47:26, Wuterich, Nos. 08-6006, 08-8020, 08-8021.
*86 And to what end? Common sense suggests that CBS endeavored to make the 60 Minutes segment at issue as newsworthy as possible, which at least recommends the idea that to the extent Appellant made incriminating, shocking, or newsworthy statements, they are almost certainly in the broadcast, which CBS provided to the Government. Despite the absence of any support for the suggestion that the contested outtakes contain anything new, and despite the fact the Government conceded at argument that it has evidence on every element of every offense,[6] the majority’s ruling allows the Government to continue to litigate this issue and further prejudice Appellant’s defense. Under the Browers construction, the CCA’s opinion would be vacated for lack of jurisdiction and Appellant’s trial would proceed apace.
Conclusion
Appellant challenges the jurisdiction of the CCA to hear the Government’s appeal of a military judge’s ruling quashing a subpoena. This Court has previously stated that the “jurisdiction of courts is neither granted nor assumed by implication” and that “[t]hat maxim is particularly apt in the case of an Article I court whose jurisdiction must be strictly construed.” Loving v. United States, 62 M.J. 235, 244 n. 60 (C.A.A.F.2005) (citations and quotation marks omitted). The majority concludes that the CCA has jurisdiction over a military judge’s order quashing a third-party subpoena, an order that did not rule that any evidence was inadmissible. I believe that this is an unwarranted expansion of the CCA’s jurisdiction that cannot be justified by the language of Article 62(a)(1)(B), UCMJ. Because the majority’s holding mis-characterizes this Court’s prior ruling in Browers, threatens defendants’ Sixth Amendment right to a speedy trial, and opens the door to interlocutory appeals from discovery rulings, I respectfully dissent.

. Transcript of Record at 87, United States v. Wuterich (Feb. 22, 2005) (Article 39(a), UCMJ, session) ("[T]he court clearly finds that this could be admissible into the evidence as statements of the accused under Military Rule of Evidence 801(d).”).

. Any relevance of the Court's composition during Browers, which the majority appears to suggest weighs against the precedential value of the opinion, Wuterich, 67 MJ. at 74, is unclear at best. Chief Judge Everett delivered the opinion of the Court; Judge Cox, while writing separately to concur in Browers, did not disagree with *81 Judge Everett's opinion in general or his definition of "excludes” in particular.

. The Court in True considered whether the ruling of the military judge, which abated the court-martial, was one "which terminates the proceedings,” not whether it was one "which excludes evidence.” 28 M.J. at 2. On that point Chief Judge Everett agreed. Id. at 5 (Everett, C.J., dissenting). While all federal circuits to have considered the issue agree that the analogous language in the first paragraph of 18 U.S.C. § 3731 (a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment) should be construed broadly, see, e.g., Watson, 386 F.3d at 308 (crediting "Congress’s intent that all such orders would be appealable unless the Double Jeopardy Clause forbade that course of action”), only the Fifth Circuit reads "suppresses or excludes evidence” as broadly. See United States v. Smith, 135 F.3d 963, 967 (5th Cir.1998) (holding that § 3731 provides the government with as broad a right to appeal an order suppressing or excluding evidence as the Constitution will permit). Consequently the breadth of the language in True, applicable to statutory language regarding "terminates the proceedings," is of doubtful weight when considering the different language "excludes evidence.” While the former directly implicates the Double Jeopardy Clause, Wilson, 420 U.S. at 336-37, 95 S.Ct. 1013 (1975), the latter does not.

. The Drafters’ Analysis for Rule for Courts-Martial (R.C.M.) 703(e) also cites Nixon in its discussion of the purpose of a subpoena duces tecum. Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-37 (2008 ed.).

. The majority implies that the Government's appeal to this Court has not delayed this case — as if Appellant’s court-martial might somehow proceed in parallel to the appellate proceedings currently before this Court — because this Court has not granted a stay. Of course the court-martial has not proceeded, and it seems strange to suggest that it would while the Court entertained this appeal. In any event, the dearth of statutory procedures relating to whether a proceeding after the appeal to the CCA is stayed illustrates the concerns I previously raised regarding this Court’s assumption of jurisdiction to hear Article 62, UCMJ, appeals — the statute does not countenance the involvement of this Court. See United States v. Lopez de Victoria, 66 M.J. 67, 74-77 (C.A.A.F.2008) (Ryan, J., joined by Erdmann, J., dissenting).

. Transcript of Oral Argument at 00:45:44, Wuterich, Nos. 08-6006, 08-8020, 08-8021.